| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| J. Arthur Bernal<br>Law Offices of J. Arthur Bernal<br>80 South Lake Avenue, Suite 510<br>Pasadena, California 91101<br>Phone: (626) 577-2616<br>Facsimile: (626) 577-5525<br>SBN: 119448<br><br>☐ *Individual appearing without counsel*<br>☒ *Attorney for:* Debtor | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| In re: Alonzo Avila Ruiz and Reynalda Ruiz | CHAPTER: 13<br>CASE NO. RS09-39616-PC |
|---|---|
| | **SECTION 341(a) MEETING OF CREDITORS:**<br>DATE: 01/20/10<br>TIME: 8:00am<br>HEARING ROOM: 100B |
| | **CONFIRMATION HEARING:**<br>DATE: 01/20/10<br>TIME: 1:30pm<br>CTRM: 304<br>FLOOR: 3rd |
| Debtor(s). | **DEADLINE FOR OBJECTIONS TO PLAN:** _____*<br>(*8 days before the Section 341(a) meeting) |

## NOTICE OF SECTION 341(a) MEETING AND
## HEARING ON CONFIRMATION OF CHAPTER 13 PLAN
## WITH COPY OF CHAPTER 13 PLAN

1. NOTICE IS HEREBY GIVEN to all creditors and other interested parties that on the above date and time and in the indicated courtroom, debtor(s) will seek court approval of the attached Chapter 13 plan.

2. **Section 341(a) Meeting Location:**
   - ☐ 725 South Figueroa Street, Lobby Level, Los Angeles
   - ☐ 21051 Warner Center Lane, Suite 115, Woodland Hills
   - ☒ 3420 Twelfth Street, Riverside
   - ☐ 411 West Fourth Street, Room 1-154, Santa Ana
   - ☐ 128 East Carrillo Street, Santa Barbara

3. **Chapter 13 Plan Confirmation Hearing Location:**
   - ☐ 255 East Temple Street, Los Angeles
   - ☐ 21041 Burbank Boulevard, Woodland Hills
   - ☒ 3420 Twelfth Street, Riverside
   - ☐ 411 West Fourth Street, Santa Ana
   - ☐ 1415 State Street, Santa Barbara

4. **OBJECTIONS TO PLAN:** If you wish to object to the confirmation of the Chapter 13 plan, you must file a written objection with the Bankruptcy Court and serve a copy of it upon the debtor(s), the attorney for the debtor(s), and the Chapter 13 trustee before the deadline set forth above. Unless you timely file a written objection to the plan and appear at the confirmation hearing, the Court may treat your failure to do so as a waiver of your right to object to the plan, and may approve the plan.

5. **APPEARANCE BY DEBTOR(S) AND THE ATTORNEY FOR THE DEBTOR(S) IS REQUIRED AT BOTH THE SECTION 341(a) MEETING AND THE CONFIRMATION HEARING.** If the Chapter 13 trustee finds at the Section 341(a) meeting that the case is ready for confirmation, the trustee may, but is not required to, stipulate that the debtors and counsel are excused from appearance at the confirmation hearing (if the assigned judge permits the trustee to waive appearances). If the Chapter 13 trustee finds at the Section 341(a) meeting that the case is NOT ready for confirmation, the trustee may, but is not required to, continue the Section 341(a) meeting and/or the confirmation hearing to a later date. **Unexcused failure by the debtor(s) to appear at either the Section 341(a) meeting or the confirmation hearing may result in dismissal of the case. The dismissal order may include a prohibition on filing any other bankruptcy case for a period of 180 days pursuant to 11 U.S.C. § 109(g).**

Dated: 12/22/09

*Signature of Debtor(s) or Attorney for Debtor(s)*

Law Offices of J. Arthur Bernal
*Print Law Firm Name (if applicable)*

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009    F 3015-1.2

F 3015-1.2

| In re (SHORT TITLE) | CHAPTER 13 |
|---|---|
| Alonzo Avila Ruiz and Reynalda Ruiz  Debtor(s). | CASE NO.: RS09-39616-PC |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on a CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
80 South Lake Avenue
Suite 510
Pasadena, California 91101

A true and correct copy of the foregoing document described as  Notice of Section 341(a) Meeting and Hearing on Confirmation of Chapter 13 Plan                                                                                                    will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d), and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** - Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____ I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On 12/22/09                           I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follow. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☑ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method) by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| 12/22/09 | Carla De Los Santos | *(signature)* |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009

F 3015-1.2

```
Alonzo Avila Ruiz
3609 Arora St
Riverside   CA   92509


Reynalda Ruiz
3609 Arora St
Riverside   CA   92509


J   Arthur Bernal
80 South Lake Avenue
Suite 510
Pasadena   Ca   91101


Rod Danielson
4361 Latham Street
Suite 270
Riverside   CA   92501


United States Trustee
3685 Main Street
Suite 300
Riverside   CA   92501


AHMSI
PO Box 631730
Irving   TX   75063


American General Finance
PO Box 3251
Evansville   IN   47731


Bank of America
PO Box 15726
Wilmington   DE   19886


Capital One
PO Box 30285
Salt Lake City   UT   84130
```

```
Famsa  Inc
PO Box 15248
Los Angeles  CA  90015


Fidelity National Title Co
135 Main St
Suite 1900
San Francisco  CA  94105


Fireside Bank
PO Box 9080
Pleasanton  CA  94566


GMAC
PO Box 12699
Glendale  AZ  85318


HSBC Card Services
PO Box 81622
City of Industry  CA  91716


JC Penney
PO Box 981403
El Paso  TX  79998


Riverside County Regional MC
26520 Cactus Ave
Moreno Valley  CA  92555


Riverside County Treasurer
P O  Box 12005
Riverside  CA  92502


Royal Prestige
PO Box 30715
Salt Lake City  UT  84130


The Home Depot
PO Box 689100
Des Moines  IA  50368
```

```
Wachovia Dealer Services
PO Box 25341
Santa Ana  CA  92799
```

Name J. Arthur Bernal, Law Offices of J. Arthur Bernal

Address 80 South Lake Ave, Ste 510

Pasadena, CA 91101

Telephone (626) 577-2616    (FAX) (626) 577-5525

Email Address _____

[X] Attorney for Debtor
State Bar No. 119448

[ ] Debtor in Pro Se   (Any reference to the singular shall include the plural in the case of joint debtors.)

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>Alonzo Avila Ruiz and Reynalda Ruiz | Chapter 13 Case No.: RS09-33534-PC<br><br>**CHAPTER 13 PLAN**<br><br>**CREDITOR'S MEETING:**<br>Date: 1/20/10<br>Time: 8:00am<br>Place: 3420 Twelfth St., Room 100B<br><br>**CONFIRMATION HEARING:**<br>Date: 1/20/10<br>Time: 1:30pm<br>Place: 3420 Twelfth St., Crtrm 304 |
|---|---|

## NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. §1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 8 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006

F 3015-1.1

Chapter 13 Plan (Rev. 11/06) - Page 2                                       2006 USBC, Central District of California

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

**I. PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE**

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A. Payments by Debtor of $ 425.30 per month for 60 months. This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B. The base plan amount is $ 25,518.00 which is estimated to pay ZERO % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C. Amounts necessary for the payment of post petition claims allowed under 11 U.S.C. §1305.

D. Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
|  |  |  | $ |
|  |  |  | $ |
|  |  |  | $ |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate protection payments or preconfirmation lease payments.

E. Other property: NONE
   (specify property or indicate none)

**II. ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the Plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A. ORDER OF PAYMENTS:

1. If there are Domestic Support Obligations, the order of priority shall be:

    (a) Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

    (b) Administrative expenses (Class 1(a)) in an amount not exceeding _____ % of each Plan Payment until paid in full;

Chapter 13 Plan (Rev. 11/06) - Page 3    2006 USBC, Central District of California

2. If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding _____ % of each Plan Payment until paid in full.

3. Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4. Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5. No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

B. CLASSIFICATION AND TREATMENT OF CLAIMS:

**CLASS 1**
**ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507**

The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4).

| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|
| **a. Administrative Expenses** | | | | | |
| (1) Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2) Attorney's Fees | $ 4,500.00 | | $ 195.00 | 1-23 | $ 2,500.00 |
| (3) Chapter 7 Trustee's Fees (Specify Trustee Name) | $ 0.00 | | $ 0.00 | 0 | $ 0.00 |
| (4) Other | $ 0.00 | | $ 0.00 | 0 | $ 0.00 |
| **b. Other Priority Claims** | | | | | |
| (1) Internal Revenue Service | $ 0.00 | % 0 | $ 0.00 | 0 | $ 0.00 |
| (2) Franchise Tax Board | $ 0.00 | % 0 | $ 0.00 | 0 | $ 0.00 |
| (3) Domestic Support Obligation | $ 0.00 | % 0 | $ 0.00 | 0 | $ 0.00 |
| (4) Other Property Taxes | $ 1,000.00 | % 0 | $ 16.70 | 60 | $ 1,000.00 |
| **c. Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name):** | | | | | |
| | $ 0.00 | % 0 | $ 0.00 | 0 | $ 0.00 |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006    **F 3015-1.1**

Chapter 13 Plan (Rev. 11/06) - Page 4        2006 USBC, Central District of California

## CLASS 2

**CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE ON WHICH OBLIGATION MATURES AFTER THE FINAL PLAN PAYMENT IS DUE**

1. ☐ The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☒ The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

| AHMSI, Inc. | 7519 |
|---|---|
| (name of creditor) | (last 4 digits of account number) |
|  |  |
| (name of creditor) | (last 4 digits of account number) |

The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.

| Name of Creditor | Last Four Digits of Account Number | Cure of Default ||||| 
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| AHMSI, Inc. | 7519 | $ 15,545.00 | % 0 | $ 259.00 | 60 | $ 15,545.00 |
| | | $ 0.00 | % 0 | $ 0.00 | 0 | $ 0.00 |

## CLASS 3

**CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL DURING THE TERM OF THE PLAN**

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| | | $ 0.00 | $ 0.00 | % 0 | $ 0.00 | 0 | $ 0.00 |
| | | $ 0.00 | $ 0.00 | % 0 | $ 0.00 | 0 | $ 0.00 |

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006       **F 3015-1.1**

Chapter 13 Plan (Rev. 11/06) - Page 5                                    2006 USBC, Central District of California

## CLASS 4

**OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE**

1. ☒ The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:
2. ☐ The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

GMAC                                                                  6564
(name of creditor)                                            (last 4 digits of account number)

_____                                 _____
(name of creditor)                                            (last 4 digits of account number)

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| Name of Creditor | Last Four Digits of Account Number | Cure of Default ||||| 
|---|---|---|---|---|---|---|
| | | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| GMAC | 6564 | $ 1,944.00 | % 0 | $ 32.40 | 60 | $ 1,944.00 |
| | | $ 0.00 | % 0 | $ 0.00 | 0 | $ 0.00 |

## CLASS 5
### NON-PRIORITY UNSECURED CLAIMS

The Debtor estimates that non-priority unsecured claims total the sum of $ 24,675.45        .

Class 5 claims will be paid as follows:

(Check one box only.)

☒ Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐ Class 5 claims will be divided into subclasses as shown on the attached exhibit (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

### III. COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ 0.00        which is estimated to pay ZERO      % of the scheduled nonpriority unsecured debt.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006                                                                                    **F 3015-1.1**

Case 6:09-bk-39616-PC    Doc 13    Filed 12/22/09    Entered 12/22/09 15:35:05    Desc
Main Document    Page 11 of 12

Chapter 13 Plan (Rev. 11/06) - Page 6                                              2006 USBC, Central District of California

## IV. PLAN ANALYSIS

| | |
|---|---|
| **CLASS 1a** | $ 4,500.00 |
| **CLASS 1b** | $ 1,000.00 |
| **CLASS 1c** | $ 0.00 |
| **CLASS 2** | $ 15,545.00 |
| **CLASS 3** | $ 0.00 |
| **CLASS 4** | $ 1,944.00 |
| **CLASS 5** | $ 0.00 |
| **SUB-TOTAL** | $ 22,989.00 |
| **CHAPTER 13 TRUSTEE'S FEE (Estimated 11% unless advised otherwise)** | $ 2,529.00 |
| **TOTAL PAYMENT** | $ 25,518.00 |

## V. OTHER PROVISIONS

A. The Debtor rejects the following executory contracts and unexpired leases.

   None

B. The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):

   None

C. In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:

   Fireside Bank (2002 Ford Mustang)

D. The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)

   None

E. The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F. Miscellaneous provisions: (Use Attachment, if necessary)

   Attorneys fees shall be paid half of plan payment, notwithstanding dismissal. Motion to strip off 2nd Mortgage to be filed.

G. The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006                                                                            **F 3015-1.1**

| Chapter 13 Plan (Rev. 11/06) - Page 7 | 2006 USBC, Central District of California |
|---|---|

 H. The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

 I. The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

## VI. REVESTING OF PROPERTY

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated: 12/22/2009

_Attorney for Debtor_ J. Arthur Bernal

_Debtor_

_Joint debtor_

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

Revised November 2006

**F 3015-1.1**