J. Arthur Bernal SBN 119448
LAW OFFICES OF J. ARTHUR BERNAL
80 South Lake Avenue, Suite 510
Pasadena, California 91101
Telephone: (626) 577-2616
Facsimile: (626) 577-5525

Attorney for Debtors,
ALONZO AVILA RUIZ and REYNALDA RUIZ

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>ALONZO AVILA RUIZ and REYNALDA RUIZ,<br><br>   Debtors,<br>_____<br><br>ALONZO AVILA RUIZ and REYNALDA RUIZ<br><br>   Movants,<br><br>vs.<br><br>AMERICAN GENERAL FINANCE<br>_____ | Case No.: 6:09-bk-39616-PC<br><br>Chapter 13<br><br>NOTICE OF MOTION AND MOTION TO DETERMINE VALUE OF COLLATERAL AND AVOID LIEN OF SECOND TRUST DEED HOLDER, AMERICAN GENERAL FINANCE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF J. ARTHUR BERNAL; DECLARATION OF DEBTOR, ALONZO AVILA RUIZ AND DECLARATION OF THOMAS J. THOMSON IN SUPPORT THEREOF<br><br>DATE: February 17, 2010<br>TIME: 1:30 P.M.<br>CTRM: 304<br>    3420 Twelfth Street<br>    Riverside, CA 92501 |

TO THE HONORABLE PETER CARROLL, ROD DANIELSON, CHAPTER 13

TRUSTEE, AMERICAN GENERAL FINANCE AND ALL OTHER INTERESTED PARTIES

HEREIN:

NOTICE IS HEREBY GIVEN, that on February 17, 2010, at 1:30 P.M., in Courtroom

304 of the U.S. Bankruptcy Court, located at 3420 Twelfth Street, Riverside, California, 92501,

Debtors, Alonzo Avila Ruiz and Reynalda Ruiz, will move this court for an order avoiding the lien of American General Finance, second trust deed holder on Debtor's real property, located at 3609 Arora Street, Riverside, California 92509, pursuant to 11 U.S.C. §506(a) on the grounds that said lien is wholly unsecured.

THIS MOTION IS BEING HEARD ON REGULAR NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 9013-1. IF YOU WITH TO OPPOSE THIS MOTION, YOU MUST FILE A WRITTEN RESPONSE WITH THE BANKRUPTCY COURT AND SERVE A COPY OF IT UPON THE MOVANT OR MOVANT'S ATTORNEY AT THE ADDRESS SET FORTH ABOVE NO LESS THAN FOURTEEN (14) DAYS PRIOR TO THE ABOVE HEARING DATE. IF YOU FAIL TO FILE A WRITTEN RESPONSE TO THIS MOTION WITHIN SUCH TIME PERIOD, THE COURT MAY TREAT SUCH FAILURE AS A WAIVER OF YOUR RIGHT TO OPPOSE THE MOTION AND MAY GRANT THE REQUESTED RELIEF.

The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§157 and 1334. The Debtors, Alonzo Avila Ruiz and Reynalda Ruiz, in this chapter 13 case, is an interested party and has standing to bring this motion.

DATED: January 13, 2010                          LAW OFFICES OF J. ARTHUR BERNAL

                                                 By: _____
                                                     J. ARTHUR BERNAL, Attorney for
                                                     Debtors, Alonzo Avila Ruiz and
                                                     Reynalda Ruiz

## MEMORANDUM OF POINTS AND AUTHORITIES

### I    INTRODUCTION

In this case, the Debtors are the owners of the real property which is currently encumbered by a first and second mortgage. The first mortgage is currently with American Home Mortgage Servicing, Inc., in the amount of $233,105.31, at the time the Debtors filed their bankruptcy petition, on or about December 8, 2009. The second mortgage is with American General Finance., in the amount of $35,175.13, which is secured by a second deed of trust.

On December 5, 2009, Debtors had the property appraised. At that time, the appraised value of the property was $90,000.00, which is over $140,000.00 less than the amount due on the first mortgage. This makes the second mortgage wholly unsecured.

### II.    THE COURT HAS THE POWER TO DETERMINE THE VALUE OF THE COLLATERAL AND ITS SECURED STATUS AND AVOID ANY UNSECURED LIENS

Under the Bankruptcy Code, 11 U.S.C. §506(a)(1), (2) & (d), the court has the power to determine the value of the collateral from a lien and its secured status and if applicable to avoid the unsecured lien. The relevant portions of this section provide:

"(a) (1)    An allowed claim of a creditor secured by a lien on a property in which the estate has an interest, or that is subject to setoff under section 553 of this title, is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be, and is an unsecured claim to the extent that the value of such creditor's interest or the amount so subject to setoff is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjuction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

(2)    If the debtor is an individual in a case under chapter 7 or 13, such value with respect to personal property securing an allowed claim shall be determined based on the replacement value of such property as of the date of the filing of the petition without deduction for costs of sale or marketing. With respect to property acquired for personal, family, or household purposes, replacement value shall mean the price a retail merchant would charge for property of that kind considering the age and condition of the property at the time value is determined.

3

\*\*\*

(d)     To the extent that a lien secures a claim against the debtor that is not
An allowed secured claim, such lien is void, unless—

    (1)     such claim was disallowed only under section 502(b)(5) or 502(e)
of this title; or

    (2)     such claim is not an allowed secured claim due only to the failure
of an entity to file a proof of such claim under section 501 of this title."

Further, the Ninth Circuit has held that the Bankruptcy Court has the authority to modify totally unsecured loans against a debtor's principal residence. *Zimmer v. PSB Lending Corp. (In re Zimmer)*, 313 F.3d 1220 (9th Cir. 2002).

The purpose of this motion is to determine the value of the Debtor's real property which is secured by two liens. Under 11 U.S.C. §506(a) and given the appraised value of the property, Debtors request a determination that the value of the collateral, in this case the real property is not sufficient to secure the liens and that the second mortgage held by American General Finance is wholly unsecured such that it is void under section 506(d).

### III. CONCLUSION

By reason of the foregoing points and authorities, Debtors respectfully request the court grant this motion on the basis of the evidence submitted herein.

DATED: January 13, 2010

Respectfully submitted,

LAW OFFICES OF J. ARTHUR BERNAL

By: _____

J. ARTHUR BERNAL, Attorney for
Debtors, Alonzo Avila Ruiz and
Reynalda Ruiz

4

## DECLARATION OF J. ARTHUR BERNAL

I, J. Arthur Bernal, declare:

1.  I am an attorney duly licensed to practice law before all the courts of the State of California and the Central District of California. I am the attorney of record for Alonzo Avila Ruiz and Reynalda Ruiz. If called to testify, I would and could competently do so, as to the following facts, of my own personal knowledge.

2.  I have reviewed all the pertinent records and files pertaining to the Debtors' property, located at 3609 Arora Street, Riverside, California 92509.

3.  Debtors are the owners of real property located at 3609 Arora Street, Riverside, California 92509, which they purchased on or about January 5, 2004. Attached hereto, as Exhibit 1, and incorporated herein by reference is a true and correct copy of the basic Property Profile for this property which I obtained from RealQuest Professional. Exhibit 1 contains the legal description as: "Por Lots 25 & 26 Blk B MB 015/086 Wilcox Square".

4.  The property is encumbered with two mortgages. The first is with American Home Mortgage Servicing, Inc. in the sum of $233,105.31. Said creditor and loan information was listed on Debtor's Schedule D, which was filed on December 8, 2009.

5.  The debtors have a second deed of trust through American General Finance which has an outstanding balance in the sum of $35,175.13.

6.  The value of the property is established by an appraisal dated December 5, 2009. Sometime after that, I received from Thomas J. Thomson, License No AR015287, a copy of this appraisal which he prepared. Attached hereto, as Exhibit 2, and incorporated herein by reference is a true and correct copy of said appraisal prepared by Thomas J. Thomson. At the time the petition was filed, the value of the property, as indicated on the appraisal, was approximately $90,000.00. A homestead is not claimed on Schedule C is attached hereto, as Exhibit 3, and incorporated herein by reference.

7.  Creditor American General Finance has a lien on the property for the amount of the second mortgage in the amount of $35,175.13. This amount is wholly unsecured as the value of

the property is less than what is currently owed to American Home Mortgage Servicing, Inc. on the first mortgage.

8. Based on the value of the property and the amount owed on the first mortgage, the lien of American General Finance on the second trust deed is wholly unsecured and should therefore be avoided.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and was executed on January 13, 2010, in Pasadena, California.

J. Arthur Bernal

6

## DECLARATION OF ALONZO AVILA RUIZ

I, Alonzo Avila Ruiz, declare:

1.  I am one of the debtors in the above-referenced bankruptcy case. If called as a witness, I could and would testify as to the following facts of my own personal knowledge.

2.  We filed this bankruptcy case in order to save our home from foreclosure.

3.  My wife and I purchased our property, located at 3609 Arora Street, Riverside, California, on or about January 5, 2004.

4.  At the time we filed our bankruptcy case on December 8, 2009, I believe that our property was valued at about $90,000.00

5.  At the time we filed our bankruptcy case, we had two deeds of trust secured by our residence. The first trust deed is owed to American Home Mortgage Servicing, Inc., and we owe about $233,105.31. Attached hereto, as Exhibit 4, is a true and correct copy of a Proof of Claim on said mortgage, indicating the balance owed. The second trust deed is owed to American General Finance and we owe about $35,175.13 at the time of the filing of our bankruptcy case. Attached hereto, as Exhibit 5, is a true and correct copy of a Proof of Claim, on said loan.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and was executed on January 13, 2009.

_Alonzo Ruiz_
Alonzo Avila Ruiz

## DECLARATION OF THOMAS J. THOMSON

I, Thomas J. Thomson, declare:

1.   If called upon as a witness, I could and would testify as to the following facts of my own personal knowledge.

2.   I am a certified residential real estate appraiser with the California license number AR015287. I have taken the required classes and exams to qualify for such license under the Real Estate Appraisers' Licensing and Certification Law of the State of California.

3.   I was asked to appraise property of the debtors, located at 3609 Arora Street, Riverside, California 92509.

4.   I am familiar with the real estate market in Riverside County. On or about December 5, 2010, I did appraise the property located at 3609 Arora Street, Riverside, California.

5.   My conclusion, based on inspection of the interior and exterior of the property and comparable residences in the area, is $90,000.00, as of December 5, 2009. Attached hereto, as Exhibit 2 is a true and correct copy of my Restricted Use Appraisal Report, including my real estate appraisal license. The purpose of said report is for the user to make personal financial decisions.


I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and was executed on January 13, 2010, in Pasadena, California.

*Tom Thomson*
Thomas J. Thomson

8

PROOF OF SERVICE

STATE OF CALIFORNIA,

COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and am not a party to the within action; my business address is 80 South Lake Avenue, Suite 510, Pasadena, California 91101.

     On January 13, 2010, I served the foregoing document described as **Notice of Motion and Motion to Determine the Value of Collateral and Avoid Lien of Second Trust Deed Holder, American General Finance; Memorandum of Points and Authorities; Declaration of J. Arthur Bernal; Declaration of Alonzo Avila Ruiz; Declaration of Thomas J. Thomson in Support Thereof,** on the interested parties in this action by placing a true and correct copy thereof enclosed in a sealed envelope, addressed as follows:

See Attached List

(X ) BY MAIL
(  ) BY FACSIMILE

(  ) I deposited such envelope in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.
(X ) I caused such envelope to be deposited in the mail at Pasadena, California. The envelope was mailed with postage thereon fully prepaid.

     I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the US postal service on that same day with postage thereon fully prepaid at Pasadena, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

(  )   (BY PERSONAL SERVICE) I delivered such document by hand to the office of the addressee
On           , 2009 at         , California.

(  )   (State) I declare under penalty of perjury that the foregoing is true and correct and was executed on this date      , Pasadena, California.
(X )   (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and executed this document on January 13, 2010, at Pasadena, California.

                              _____
                              Wagner Segura

9

MAILING LIST

Alonzo Avila Ruiz
Reynalda Ruiz
3609 Arora Street
Riverside, CA 92509
(Debtors)


Rod Danielson
4361 Latham Street
Suite 270
Riverside, CA 92501
(Chapter 13 Trustee)


American General Finance
C/O CSC
600 North Royal Avenue
Evansville, IN 47715-2612
(Agent for Service of Process in California)


American General Finance
Attn: Bankruptcy Department
Agent for Service of Process
P.O. Box 3251
Evansville, IN 47731-3251

EXHIBIT 1

**Property Detail Report**
For Property Located At



## 3609 ARORA ST, RIVERSIDE CA 92509-4502

**Owner Information:**

| | |
|---|---|
| Owner Name: | RUIZ ALONZO & REYNALDA |
| Mailing Address: | 3609 ARORA ST, RIVERSIDE CA 92509-4502 C021 |
| Phone Number: | Vesting Codes: HW / / JT |

**Location Information:**

| | | | |
|---|---|---|---|
| Legal Description: | POR LOTS 25 & 26 BLK B MB 015/086 WILCOX SQUARE | | |
| County: | RIVERSIDE, CA | APN: | 179-202-014 |
| Census Tract / Block: | 402.04 / 2 | Alternate APN: | |
| Township-Range-Sect: | | Subdivision: | WILCOX SQUARE |
| Legal Book/Page: | 15-86 | Map Reference: | / 685-D2 |
| Legal Lot: | 25 | Tract #: | |
| Legal Block: | B | School District: | JURUPA |
| Market Area: | | Munic/Township: | |
| Neighbor Code: | | | |

**Owner Transfer Information:**

| | | | |
|---|---|---|---|
| Recording/Sale Date: | / | Deed Type: | |
| Sale Price: | | 1st Mtg Document #: | |
| Document #: | | | |

**Last Market Sale Information:**

| | | | |
|---|---|---|---|
| Recording/Sale Date: | 01/05/2004 / 11/18/2003 | 1st Mtg Amount/Type: | $18,500 / CONV |
| Sale Price: | $92,500 | 1st Mtg Int. Rate/Type: | / FIXED |
| Sale Type: | UNKNOWN | 1st Mtg Document #: | 4559 |
| Document #: | 4558 | 2nd Mtg Amount/Type: | / |
| Deed Type: | GRANT DEED | 2nd Mtg Int. Rate/Type: | / |
| Transfer Document #: | | Price Per SqFt: | $131.95 |
| New Construction: | | Multi/Split Sale: | |
| Title Company: | LAWYERS TITLE | | |
| Lender: | FREMONT INVS & LN | | |
| Seller Name: | ROBERTS WILLE | | |

**Prior Sale Information:**

| | | | |
|---|---|---|---|
| Prior Rec/Sale Date: | 10/12/1994 / | Prior Lender: | |
| Prior Sale Price: | | Prior 1st Mtg Amt/Type: | / |
| Prior Doc Number: | 392529 | Prior 1st Mtg Rate/Type: | / |
| Prior Deed Type: | QUIT CLAIM DEED | | |

**Property Characteristics:**

| | | | | | | |
|---|---|---|---|---|---|---|
| Gross Area: | 701 | Parking Type: | GARAGE/CARPORT | Construction: | | |
| Living Area: | 701 | Garage Area: | 200 | Heat Type: | NONE | |
| Tot Adj Area: | 1,043 | Garage Capacity: | | Exterior wall: | | |
| Above Grade: | | Parking Spaces: | 1 | Porch Type: | | |
| Total Rooms: | | Basement Area: | | Patio Type: | | |
| Bedrooms: | 3 | Finish Bsmnt Area: | | Pool: | | |
| Bath(F/H): | 1 / | Basement Type: | | Air Cond: | | |
| Year Built / Eff: | 1937 / | Roof Type: | | Style: | | |
| Fireplace: | / | Foundation: | | Quality: | | |
| # of Stories: | | Roof Material: | COMPOSITION | Condition: | | |

SHINGLE

Other Improvements: ADDITION

Site Information:

| | | | | | |
|---|---|---|---|---|---|
| Zoning: | R-2 | Acres: | 0.21 | County Use: | SINGLE FAM RESID (R01) |
| Flood Zone: | B | Lot Area: | 9,148 | State Use: | |
| Flood Panel: | 0602450710A | Lot Width/Depth: | x | Site Influence: | |
| Flood Panel Date: | 04/15/1980 | Res/Comm Units: | / | Sewer Type: | TYPE UNKNOWN |
| Land Use: | SFR | | | Water Type: | TYPE UNKNOWN |

Tax Information:

| | | | | | |
|---|---|---|---|---|---|
| Total Value: | $89,000 | Assessed Year: | 2009 | Property Tax: | $943.70 |
| Land Value: | $29,000 | Improved %: | 67% | Tax Area: | 99093 |
| Improvement Value: | $60,000 | Tax Year: | 2009 | Tax Exemption: | HOMEOWNER |
| Total Taxable Value: | $82,000 | | | | |

EXHIBIT 2

# INVOICE

**FROM:**

Please send check payable to:
Appraisal Network Group
3592 Rosemead Boulevard, #335
Rosemead, CA 91770
Email: kennethle09@gmail.com
**Telephone Number:** (626) 641-5699    **Fax Number:** (626) 768-7466

**TO:**

Wagner G. Segura
Law Office of J. Arthur Bernal
80 South Lake Avenue, Suite #510
Pasadena, CA 91101

**Telephone Number:** (626) 577-2616    **Fax Number:** (626) 577-5525
**Alternate Number:**    **E-Mail:**

| INVOICE NUMBER |
| --- |
| ANG327-09 |

| DATE |
| --- |
| 12/05/2009 |

| REFERENCE | |
| --- | --- |
| Internal Order #: | |
| Lender Case #: | |
| Client File #: | |
| Main File # on form: | ANG327-09 |
| Other File # on form: | |
| Federal Tax ID: | |
| Employer ID: | |

## DESCRIPTION

**Lender:** Alonzo Ruiz & Reynalda    **Client:** Alonzo Ruiz & Reynalda
**Purchaser/Borrower:** N/A
**Property Address:** 3609 Arora St
**City:** Riverside
**County:** Riverside    **State:** CA    **Zip:** 92509
**Legal Description:** Por Lots 25 & 26 Blk B MB 015/086 Wilcox Square

| FEES | AMOUNT |
| --- | --- |
| Appraisal Fee (URAR 1004) | 475.00 |
| Paid | -475.00 |
| **SUBTOTAL** | |

| PAYMENTS | | | AMOUNT |
| --- | --- | --- | --- |
| Check #: | Date: | Description: | |
| Check #: | Date: | Description: | |
| Check #: | Date: | Description: | |
| **SUBTOTAL** | | | |
| **TOTAL DUE** | | **$** | 0 |

File No.: ANG327-09

# RESTRICTED USE APPRAISAL REPORT



## Date of Valuation:

12/05/2009

## Located At:

3609 Arora St
Por Lots 25 & 26 Blk B MB 015/086 Wilcox Square
Riverside, CA 92509

## For:

Alonzo Ruiz & Reynalda
3609 Arora Street, Riverside, CA 92509

## Table of Contents:

Letter of Transmittal ........................................................................................................................... 1
Restricted Use Appraisal Report Addendum .......................................................................................... 2
Restricted Use Appraisal Report Addendum Continued ......................................................................... 3
Assumptions and Limiting Conditons ..................................................................................................... 4
USPAP Identification ............................................................................................................................ 6
Clarifications - Addedum ....................................................................................................................... 7
Clarifications - Addendum Continued ..................................................................................................... 9
URAR .................................................................................................................................................. 10
Additional Comparables 4-6 ................................................................................................................. 16
Supplemental Addendum ...................................................................................................................... 17
Subject Photos .................................................................................................................................... 18
Photograph Addendum .......................................................................................................................... 19
Photograph Addendum .......................................................................................................................... 20
Photograph Addendum .......................................................................................................................... 21
Photograph Addendum .......................................................................................................................... 22
Photograph Addendum .......................................................................................................................... 23
Comparable Photos 1-3 ........................................................................................................................ 24
Comparable Photos 4-6 ........................................................................................................................ 25
Building Sketch (Page - 1) .................................................................................................................... 26
Location Map ....................................................................................................................................... 27
Plat Map .............................................................................................................................................. 28
Appraiser's License .............................................................................................................................. 29
E & O Insurance .................................................................................................................................. 30

File No. ANG327-09

# **LETTER OF TRANSMITTAL**

12/05/2009

To:  Alonzo & Reynalda

Re: 3609 Arora Street
     Riverside, CA 92509

Thank you for choosing Appraisal Network for your valuation needs. I hope the attached Restricted Use Appraisal Report will help you make an informed decision regarding your personal financial planning. Per your request, we have personally inspected, investigated and analyzed the fee simple property rights of the real property referenced above.  The purpose of the report is to assist you in determining the most likely range of market value for the subject property.  This transmittal letter is not an appraisal report. The actual report accompanies this letter.

The report describes data gathered during our investigation of the property.  The methods of approach and reasoning in the valuation of the relevant factors of the property are contained within the report.  The opinion of value expressed is not subject to hypothetical conditions or extraordinary assumptions.  The opinion is subject to general assumptions, limiting conditions and instructions described in the report.

Our conclusion for the most likely range of market value for the subject property is $90,000 +/-5% as of 12/05/2009.

Thanks again for your business!  We hope to here from you again soon.

Respectfully,

Thomas J. Thomson
Certified Appraiser
Lic# AR015287

Form DCVR_LT — *WinTOTAL* appraisal software by a la mode, inc. — 1-800-ALAMODE

| Client | Alonzo Ruiz & Reynalda | | | | |
|--------|------------------------|--|--|--|--|
| Property Address | 3609 Arora St | | | | |
| City | Riverside | County | Riverside | State | CA | Zip Code | 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | |

# Restricted Use Appraisal Report

### Subject Property

3609 Arora Street
Riverside, CA 92509

### Client Identification

Alonzo Ruiz & Reynalda

### Intended Use

To assist the client in determining the most likely range of market value for the Subject property for the
purpose of making personal financial planning decisions in regards to bankruptcy options.

### Intended User

This is a restricted use appraisal report and the client is the only intended user.  WARNING TO THIRD
PARTIES:  If you are not identified as the client, you are an unauthorized party and advised not to used
this report for any purpose.  As an unauthorized party, you interpretation of the information contained in
this report may be incorrect.

### Property Interest Appraised

Fee Simple

### Highest and Best Use

The current use of the Subject property is a single family residence.  The highest and best use for the
Subject property as if vacant and improved is its's current use base on legal permissibility, physical
possibility, finanacial feasibility and maximum profitability.

### Definition of Market Value

From the Office of the Comptroller of the Currency, under 12CFR, Part 34, Subpart C-Appraisals, 34.42
Definitions, (g) Market Value means the most probable price which a property should bring in a
competitive and open market under all conditions requisite to a fair sale, the buyer and seller each acting
prudently and knowledgeably, and assuming the price is not affected by undue stimulus.  Implicit in this
definition is the consummation of a sale as of a specified date and the passing of title from seller to
buyer under conditions whereby:

(1) Buyer and seller are typically motivated

(2) Both parties are well informed or well advised, and acting in what they consider their own best
    interest.

(3) A Reasonalbe time is allowed for exposure in the open market

(4) Payment is made in terms of cash in U.S. dollars or in terms of financial arrangements comparable
    thereto; and

(5) The price represents the normal consideration for the property sold unaffected by special or creative
    financing or sales concessions granted by anyone associated with the sale.

**Restricted Use Appraisal Report Addendum Continued** File No. ANG327-09

| Client | Alonzo Ruiz & Reynalda | | | | |
|---|---|---|---|---|---|
| Property Address | 3609 Arora St | | | | |
| City | Riverside | County | Riverside | State CA | Zip Code 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | |

## Restricted Use Appraisal Report Continued

### Scope of Work

The scope of work is the type and extent of research and analysis in an assignment. Scope of work includes: the extent to which the property is identified; the extent to which tangible property is inspected; the type and extent of data researched; and the type and extent of analysis applied to arrive at opinions or conclusions.

The specific Scope of Work for this assignment includes:

\*\*Property identification limited to requirements for a Restricted Use Appraisal Report as stated in USPAP.

\*\*A physical inspection of the subject property, inspection of the subject neighborhood, and inspection from the street of comparable sales utilized in the Sales Comparison Approach.

\*\*Research data gathered from Dataquick, Realtquest, NDC and SoCal MLS Alliance.

\*\*Development of the Sales Comparison Approach

The appraiser has proposed and the client has agreed (prior to submission) that the level of development and reporting detailed is sufficient to address the substantiate criteria of a reasonable Scope of Work within the context of the intended Users and Intended Use.  With the exception of revisions made for the purpose of correction of any errors, the appraiser does not anticipate further development and/or reporting requirements for this assignment.  Any additional requests from the client or any third parties may represent a change in the Scope of Work and require the development of a new assignment.  With the exception of corrections for errors or ommissions, any additional requests must be made in writing and may be subject to additional billing to recover the costs associated with any additional work.

A complete workfile has been stored by the appraiser and is the source for the information provided in the report and for any additional descriptions and analysis not provided in the report.

### Extraordinary Assumptions and Hypothetical Conditions

The opionion of value is not based on any Extraordinary Assumptions or Hypothetical Conditions.  The opinion of value is based on general assumptions and limiting conditions stated elsewhere in the report.

### Reconciliation

The use of the Direct Sales Comparison Approach is the only approach utilized in the process of determining the most likely range of market value for the subject property.  Due to the scope of work of this assignment, the Cost Approach and Income Approach were not deemed reliable.

### Report Date

12/05/2009

### Effective Date

12/05/2009

### Opinion of Value

$90,000 +/-5%

**Assumptions and Limiting Conditons**    File No. ANG327-09

| Client | Alonzo Ruiz & Reynalda | | | | |
|---|---|---|---|---|---|
| Property Address | 3609 Arora St | | | | |
| City | Riverside | County | Riverside | State CA | Zip Code 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | |

## Assumptions and Limiting Conditions

This appraisal report is subject to the following assumptions and limiting conditions:

1.    The date of value for which the conclusions and opinions expressed in this report apply, is set forth in the letter of transmittal. Further, the dollar amount of any value opinion rendered in this report is based in terms of U.S. dollar.

2.    The appraiser assumes no responsibility for economic or physical factors which may affect the opinions in this report which occur after the date of the letter transmitting the report.

3.    The information furnished by others is believed to be reliable. However, no warranty is given for its accuracy. Information that may have been relied upon is detailed in the report.

4.    Title is assumed to be marketable and free and clear of all liens, encumbrances, easements and restrictions except those specifically discussed in the report. The property is appraised assuming it to be under responsible ownership and competent management, and available for its highest and best use.

5.    The appraiser assumes no responsibility for hidden or unapparent conditions of the property, subsoil or structures that render it more or less valuable. No responsibility is assumed for arranging for engineering studies thaty may be required.

6.    The property is appraised assuming it to be in full compliance with all applicalble federal, state and local environmental regulations and laws, unless otherwise stated in the report.

7.    No engineering survey has been made by the appraiser. Except as specifically stated, date relative to size and area was taken from sources considered reliable and no encroachments of real property improvements is considered to exist.

8.    No opinion is expressed as to the value of the subsurface oil, gas or mineral rights or whether the property is subject to surface entry for the exploration or removal of such materials except as is expressly stated.

9.  Maps, plats and exibits which may or may not be included are for illustration only and as an aid in visualizing matters discussed within the report. They should not be considered as surveys or relied upon for any other purpose, nor should they be removed from the report.

10.    No opinion is intended to be expressed for matters which require legal expertise or specialized investigation or knowledge beyond that customarily employed by real estate appraisers.

11.    Possession of this report, or a copy of it, does not carry with it the right of publication. Further, neither all nor any part of this appraisal shall be disseminated to the general public by use of advertising media or other media for public communication without prior written consent of the signer of this report.

12.    No soils or geologic investigation reports were available to the appraiser. The soils are assumed to be stable and of suitable load bearing quality unless clearly differentiated within the report.

13.    Since earthquakes are not uncommon in the area, no responsibility is assumed due to their possible effect on individual properties, unless detailed geologic reports are made available.

14.    No hazardous waste assessment was furnished to the appraiser. No evidence to indicate past or present storage of hazardous waste materials was observed on the subject site. The appraisal assumes that no hazardous waste materials are present on the site or surrounding area, which would prevent or substantially alter the possible sale of the site(s) as appraised.

15.    All land areas state in this report, lot sizes, pad sizes and gross acreage are also based on information found in public records in the formof Assessor Plat Maps. No survey was performend.

16.    Testimony or attendance in court or at any other hearing is not required by reason of rendering this appraisal, unless such arrangements are made a reasonalbe time in advance. I am not averse to providing expert testimony as a separate assignment, which would require additional fees. The

**Assumptions and Limiting Conditons**    File No. ANG327-09

| Client | Alonzo Ruiz & Reynalda | | | | |
|---|---|---|---|---|---|
| Property Address | 3609 Arora St | | | | |
| City | Riverside | County | Riverside | State  CA | Zip Code  92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | |

preparation of this report does not include any time allocation for consultation with legal counsel, court appearances or testimony.

17.    Our liablility is limited to that of our named client and to the extent of the fee charged.  Third parties are not anticipated or authorized to use or rely upon this appraisal without prior written consent. Acceptance of third party liability requires a prior written agreement and an additional fee.  Should the client anticipate a third party to make privileged use of this report, they are obligated to contact the appraiser immediately and in writing.

18.    The use of this report is anticipated to serve only the purpose stated in the intended use section of this report.  Additional uses of this report are not anticipated in the acceptance of this assignment by the appraiser.  Reports prepared to serve the defined purpose may not be provide adequate detail or documentation to meet the requirements of another unanticipated or undefined purpose.  Definitions used in this report may not apply to another unanticipated or undefined purpose.

19. CONFIDENTIALITY OF INTENDED USER, MORTGAGE FRAUD AND RELATED ISSUES: If during the execution of this assignment, appraiser has reason to suspect or has otherwise obtained reasonable evidence of suspicious activitiy or an attempt to commit an unlawful act or acts by a party or parties identified as the Intended User of this appraisal report, the "Client" shall waive all rights of confidentiality for this assignment and consents to the action of appraiser to report all suspicious activity to the Federal Bureau of Investigations, the Department of Real Estate, the Department of Corporations and any other legal entity related to the prosecution of criminal acts.  Appraiser has exercised sufficient due-diligence and has utilized methods specifically employed to discover unlawful activity but provides no expressed or implied warranties or guarantees that any or all unlawful acts or acts related to this assignment have been discovered.  Appraiser certifies that he or she has not willfully participated in an unlawful act or acts during the execution of this assignment and that any unlawful activity, if discovered, has been accurately reported herein.  In the event an unlawful act or acts has been perpetrated by a party or parties identified as the Intended User of this report that has gone undetected by appraiser, the "Client", the borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises and other secondary market particpants that have relied on this report shall waive any and all rights of prosecution against appraiser and agree to hold appraiser harmless from any and all liability resulting from the unlawful acts or acts committed during the execution of this assignment without the appraiser's direct knowledge or consent.

Thomson Appraisal Inc.

| Client | Alonzo Ruiz & Reynalda | | File No. ANG327-09 |
|---|---|---|---|
| Property Address | 3609 Arora Street | | |
| City | Riverside | County Riverside | State CA    Zip Code 92509 |
| Owner | Alonzo Ruiz & Reynalda | | |

## APPRAISAL AND REPORT IDENTIFICATION

This Appraisal Report is one of the following types:

☐ **Self Contained**    (A written report prepared under Standards Rule 2-2(a) , pursuant to the Scope of Work, as disclosed elsewhere in this report.)

☐ **Summary**    (A written report prepared under Standards Rule 2-2(b) , pursuant to the Scope of Work, as disclosed elsewhere in this report.)

☒ **Restricted Use**    (A written report prepared under Standards Rule 2-2(c) , pursuant to the Scope of Work, as disclosed elsewhere in this report, restricted to the stated intended use by the specified client or intended user.)

## Comments on Standards Rule 2-3

I certify that, to the best of my knowledge and belief:

· The statements of fact contained in this report are true and correct.
· The reported analyses, opinions, and conclusions are limited only by the reported assumptions and limiting conditions and are my personal, impartial, and unbiased professional analyses, opinions, and conclusions.
· I have no (or the specified) present or prospective interest in the property that is the subject of this report and no (or the specified) personal interest with respect to the parties involved.
· I have no bias with respect to the property that is the subject of this report or the parties involved with this assignment.
· My engagement in this assignment was not contingent upon developing or reporting predetermined results.
· My compensation for completing this assignment is not contingent upon the development or reporting of a predetermined value or direction in value that favors the cause of the client, the amount of the value opinion, the attainment of a stipulated result, or the occurrence of a subsequent event directly related to the intended use of this appraisal.
· My analyses, opinions and conclusions were developed and this report has been prepared, in conformity with the Uniform Standards of Professional Appraisal Practice.
· I have (or have not) made a personal inspection of the property that is the subject of this report.
· No one provided significant real property appraisal assistance to the person signing this certification. (If there are exceptions, the name of each individual providing significant real property appraisal assistance is stated elsewhere in this report.)

## Comments on Appraisal and Report Identification
Note any USPAP related issues requiring disclosure and any State mandated requirements:

**APPRAISER:**

Signature: _Tom Thomson_
Name: Thomas J. Thomson
Date Signed: December 09, 2009
State Certification #:
or State License #: AR015287
State: CA
Expiration Date of Certification or License:    01/01/2010
Inspection of Subject:

☐ None    ☒ Interior    ☒ Exterior
Date of Inspection    12/05/2009

**Co-Appraiser:**

Signature:
Name:
Date Signed:
State Certification #:
or State License #:
State:
Expiration Date of Certification or License:
Inspection of Subject:

☐ None    ☐ Interior    ☐ Exterior
Date of Inspection

Main File No. ANG327-09   Page #7

**Clarifications – Addedum**                    File No. ANG327-09

| Client | Alonzo Ruiz & Reynalda | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 3609 Arora St | | | | | |
| City | Riverside | County | Riverside | State | CA | Zip Code 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | | |

# CLARIFICATIONS

### Clarifications of Assumptions, Limiting Conditions, Certifications and Scope of Work

The following is noted in order to define terms as they are used in the appraisal report. This is not intended to be a modification of the certification, but a clarification, which is required to be in compliance with USPAP.

A Restricted Use Appraisal Report was used to report the results of my (our) appraisal. The scope of work explanations discussed here and within the body of the report further define, clarify and document what the appraiser(s) did and or did not do in order to develop the appraisal and report the value opinion, based on the complexity of this appraisal assignment and or as a result of a supplentary Agreement or Engagement Letter as accepted by the appraiser(s) and client identified with the appraisal report.

If no written specific and or supplemental Scope of Work was agreed upon with the client (prior to accepting the assignment, by formal engagement letter and included in this report) the Scope of Work outlined here and within the report, is considered to be represenative of what typical users of appraisal services would require and in general, what appaisers would provide as reasonalbe, acceptance and sufficient for the stated intended user's needs.

**SCOPE OF WORK:** It should be noted that the Appraiser(s) conducted visual inspection of only the readily accessible areas of the property, viewing only those components of the property which were clearly visible from the ground or floor level. No professional testing was conducted for mechanical, plumbing or electrical systems. Comments on the condition of the foundation, roof, exterior, interior, floors, mechanical, plumbing, electrical, insulation and all other matters relating to the construction of the subject property are based upon the casual observation only and which may have been limited by the placement of personal property, furnishings, etc. so as to preclude observation of the items blocked by same. There was not observation of the attic, crawl space or other areas that would no be visible by the typical visitor to the home and or components that are hidden within walls.

Although the report may cite a general rating of the adequacy and or condition (based on observation only), it should be clearly understood that these statements are a general guide for comparison purposes (as part of the valuation process) and are not a detailed report on the physical and or operational condition of these items. The appraiser is not an expert in these matters and any opinion stated is advisory based only upon observation. This report is not a home inspection. While others may choose to rely on the report, they should not rely on it to disclose condition and defects. Such knowledge goes beyond the scope of this appraisal and as such, comments on observed conditons given in this report should not be taken as a guarantee that a problem does not exist.

"Inspection of the Subject Neighborhood" was limited to driving through the area and a represenative number of streets, reviewing maps and other appropriate data including observing the comparables from the street to determine the general factors that may or may not influence the value of the subject property and research to the extent further defined in the sections following:

**REPAIRS / DETERIORATION:** The terms deficiency and livability have not been defined in the appraisal report. An effort was made to report ONLY those repair items that, in the appraiser's opinion, will affect safety, adequacy and marketability of the property. Deterioration consistent with the age of the

## Clarifications - Addedum

File No. ANG327-09

| Client | Alonzo Ruiz & Reynalda | | | | |
|---|---|---|---|---|---|
| Property Address | 3609 Arora St | | | | |
| City | Riverside | County | Riverside | State CA | Zip Code 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | |

home has not been itemized.

**COST APPROACH:** The cost approach is typically utilized when improvements are new, near new or are of an unsual construction method. Additionally, the cost approach is only considered appropriate when sufficient land, building sites, etc. are available to a potential purchaser so as to make construction of improvements a viable alternative to purchasing the subject. In areas whwere vacant sites (similar to the subject in location, zoning, use and utility) are not available to a potential purchaser, use of the Cost Approach and reliability of the same as a value indicator could be misleading. In cases where the Cost Approach is not required (per USPAP) or deemed necessary to the development of a reliable opinion of value, the Cost Approach has been excluded and such exclusion has been so stated within the body of the report.

If the Cost Approach was used, it represents the "replacement cost estimate" and is for "valuation purposes only." As such, it should not be relied upon for insurance purposes. The definition of "market value" is not consistent with the definition of "insurable value." If the Cost Approach was presented, a cost service such as "Marshall & Swift" (or other similar source) was used to develop the estimate. The site value opinion is based on one of several methods: extraction, allocation, the development method or from a review and analysis of sales of similar sites within the market area.

**INCOME APPROACH:** The income approach is typically utilized when sufficient investor owned properties exist within the subject's immediate area or neighborhood and when investors regularly acquire such properties that are simarly desirable to the subject for the express purpose of the investment income the provide. While rental properties may exist within any area, their existence alone should not be considered as evidence of a viable rental and investor marketplace. As such, in areas dominated by "owner occupied" units, it may not be appropriate to present or employ the income approach, unless the approach clearly represents the motivations and actions of investors in the marketplace as it relates to the subject property and immediate area. If the approach is included within the report, it was because sufficient data was found to support conclusions by the appraiser(s) that it was appropriate and meaningful to the analysis and value opinion. If the approach was not included, it was the appraiser's opinion that the data was insufficient to provide a useful and meaningful conclusion.

**EXTENT OF DATA RESEARCH - SALES/LISTINGS:** Sales and listings of the subject property and comparables have been researched, verified, analyzed, and reported in compliance with USPAP. Sales data (including listed, closed, pending & expired listings) of properties that are geographically, physically, functionally and economically similar to the subject property and that are sufficiently recent to reflect current buyer and seller actions were researched and considered. If necessary and applicable, the appraiser also researched data on comparable land and improved sales, income and expense information and construction costs; confirmed comparable sales information (as noted under "Extent of Information Verification," (see next section) and analyzed the information in applying the approach(es) used.

Depending upon the availability and reliability of various data sources, the appraiser(s) used any combination of reasonably available information from city/county records, real estate agents, owner's comments, buyer's description, assessor's records, multiple listing service (MLS) data, brochures, web site listings and visual observations to identify the relevant characteristics of the subject property. Comparables were selected based on physical, functional, economic and location characteristics with the sales cited in the report considered to be most relevant to the analysis of subject property. These sales were adjusted to the subject to reflect the market's reaction to differences if any.

**EXTENT OF INFORMATION VERIFICATION:** Represenative samples of disinterested sources for information and data include but are not limited to County/City online records - Recorder, Treasurer,

## Clarifications - Addendum Continued

File No. ANG327-09

| Client | Alonzo Ruiz & Reynalda | | | | |
|---|---|---|---|---|---|
| Property Address | 3609 Arora St | | | | |
| City | Riverside | County | Riverside | State CA | Zip Code 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | |

# Clarifications - Continued

**ADVERSE FACTORS:** As cited in the "Assumption & Limiting Conditions," is subjective and subject to broad interpretation. Many properties will have some form of physical depreciation, deficiency or livability issues, dependent upon the motivations and standards of the party observing the property. A property may also be impacted to varying degrees by a wide range of factors internal or external to the property that could be considered "adverse" by someone.

Absent detailed written directives and specific guidelines from the lender/client, the appraiser(s) made a visual inspection of the property and its market environment (as cited elsewhere in the Scope of Work) and noted factors that may impact the marketability and livability to potential buyers upon the appraiser's knowledge of the market and or as evidenced by sales or properties with similar or comparable conditions. Such items noted in the report were considered within the valuation approaches that were applied to the analysis.

While some in the market may consider factors such as drug labs, registered sex offenders, criminal activity, interim rehabilitation facilities, halfway houses or similar uses as "adverse" unless cited within the report, the appraiser(s) has made no attempt to investigate or discover such activities as part of this assignment, unless such factors were readily apparent and obviously impacting the subject property as evidenced by market data. If the intended user has concerns in these areas, it is highly recommended that they secure this information from a reliable source.

**DISCLOSURE / DISTRIBUTION:** Regardless of who paid for this assignment, the intended user is only the lender/client stated within the report. The appraisal and report may be inappropriate for use by parties other than the intended user and could place them at risk. Despite the means of possession fo the report, this appraisal should not be used or relied on by anyone other than the stated intended user and for the stated/intended purpose.

**THE VALUE OPINION:** The value opinion stated in the report is based on my (our) analysis as of the effective date shown in the report. The value opinion considers the productivity, economic and physical conditions of the property only as of the date of value cited. As market conditions change, this value opinion may not be valid in another time period. Personal property such as furnishings, equipment or other items that may be included with a sale or transfer of the property were excluded from the value unless such items are necessary for the operations of the property (garage door remotes, pool remotes, etc) and would normally be a part of the mechanical or operational equipment that is considered realty.

## Uniform Residential Appraisal Report
File # ANG327-09

The purpose of this summary appraisal report is to provide the lender/client with an accurate, and adequately supported, opinion of the market value of the subject property.

| | |
|---|---|
| Property Address 3609 Arora Street | City Riverside    State CA   Zip Code 92509 |

Borrower N/A    Owner of Public Record Alonzo Ruiz & Reynalda    County Riverside

Legal Description Por Lots 25 & 26 Blk B MB 015/086 Wilcox Square

Assessor's Parcel # 179-202-014    Tax Year 08-09    R.E. Taxes $ 943.70

Neighborhood Name N/A    Map Reference 685-D2    Census Tract 0402.04

Occupant ☒ Owner ☐ Tenant ☐ Vacant    Special Assessments $ None    ☐ PUD   HOA $ N/A   ☐ per year ☐ per month

Property Rights Appraised ☒ Fee Simple ☐ Leasehold ☐ Other (describe)

Assignment Type ☐ Purchase Transaction ☐ Refinance Transaction ☒ Other (describe) Personal Bankruptcy

Lender/Client Alonzo Ruiz & Reynalda    Address 3609 Arora Street, Riverside, CA 92509

Is the subject property currently offered for sale or has it been offered for sale in the twelve months prior to the effective date of this appraisal?    ☐ Yes ☒ No

Report data source(s) used, offering price(s), and date(s).    Title/MLS/Realquest/NDC Data and Data Quick.

☐ I ☐ did ☐ did not analyze the contract for sale for the subject purchase transaction. Explain the results of the analysis of the contract for sale or why the analysis was not performed.

Contract Price $ N/A    Date of Contract    Is the property seller the owner of public record? ☐ Yes ☐ No Data Source(s)

Is there any financial assistance (loan charges, sale concessions, gift or downpayment assistance, etc.) to be paid by any party on behalf of the borrower?    ☐ Yes ☐ No
If Yes, report the total dollar amount and describe the items to be paid.

Note: Race and the racial composition of the neighborhood are not appraisal factors.

### NEIGHBORHOOD

| Neighborhood Characteristics | | One-Unit Housing Trends | | | One-Unit Housing | | Present Land Use % | |
|---|---|---|---|---|---|---|---|---|
| Location ☐ Urban ☒ Suburban ☐ Rural | | Property Values ☐ Increasing ☐ Stable ☒ Declining | | | PRICE | AGE | One-Unit | 80 % |
| Built-Up ☒ Over 75% ☐ 25-75% ☐ Under 25% | | Demand/Supply ☐ Shortage ☒ In Balance ☐ Over Supply | | | $ (000) | (yrs) | 2-4 Unit | 5 % |
| Growth ☐ Rapid ☒ Stable ☐ Slow | | Marketing Time ☐ Under 3 mths ☒ 3-6 mths ☐ Over 6 mths | | | 40 Low | 1 | Multi-Family | 5 % |
| | | | | | 180 High | 86 | Commercial | 10 % |
| Neighborhood Boundaries 28th Street to the North, 42nd Street to the South, Canal Street to the West | | | | | 95 Pred. | 51 | Other | % |
| and Crestmore Road to the East. | | | | | | | | |

Neighborhood Description The subject property is located in an area that consists of mostly single family dwelling of average to good quality. Schools, shopping centers, employment, parks, freeways, public transportation and other supporting facilities are located conveniently in this tract.

Market Conditions (including support for the above conclusions) Typical conventional financing of 30 year fixed and adjustable rate programs are prevalent in the area. Typical marketing time is 3-6 months. Overall property values appear to have declined 10%-20% within the past year. Minimal negative impact was noted towards overall property values and marketability noted.

### SITE

Dimensions Please refer to the plat map    Area 9,148 Sqft    Shape Rectangular    View None

Specific Zoning Classification R-2    Zoning Description Single Family Residence Permitted

Zoning Compliance ☒ Legal ☐ Legal Nonconforming (Grandfathered Use) ☐ No Zoning ☐ Illegal (describe)

Is the highest and best use of subject property as improved (or as proposed per plans and specifications) the present use?    ☒ Yes ☐ No If No, describe

| Utilities | Public | Other (describe) | | Public | Other (describe) | Off-site Improvements - Type | Public | Private |
|---|---|---|---|---|---|---|---|---|
| Electricity | ☒ | | Water | ☒ | | Street Concrete | ☒ | |
| Gas | ☒ | | Sanitary Sewer | ☒ | | Alley None | | |

FEMA Special Flood Hazard Area ☐ Yes ☒ No    FEMA Flood Zone X500    FEMA Map # 06065C0710G    FEMA Map Date 8/28/2008

Are the utilities and off-site improvements typical for the market area?    ☒ Yes ☐ No If No, describe

Are there any adverse site conditions or external factors (easements, encroachments, environmental conditions, land uses, etc.)?    ☐ Yes ☒ No If Yes, describe

No adverse environmental conditions noted or observed. The appraiser is not an expert at detecting such conditions.

### IMPROVEMENTS

| General Description | | Foundation | | Exterior Description    materials/condition | | Interior    materials/condition | |
|---|---|---|---|---|---|---|---|
| Units ☒ One ☐ One with Accessory Unit | | ☒ Concrete Slab ☐ Crawl Space | | Foundation Walls Concrete/Avg | | Floors Carpet/Tile/Avg | |
| # of Stories 2 | | ☐ Full Basement ☐ Partial Basement | | Exterior Walls Stucco/Avg | | Walls Drywall/Avg | |
| Type ☒ Det. ☐ Att. ☐ S-Det./End Unit | | Basement Area None sq.ft. | | Roof Surface Composition/Avg | | Trim/Finish Wood/Paint/Avg | |
| ☒ Existing ☐ Proposed ☐ Under Const. | | Basement Finish N/A % | | Gutters & Downspouts Overhang/Avg | | Bath Floor Tile/Avg | |
| Design (Style) Conventional | | ☐ Outside Entry/Exit ☐ Sump Pump | | Window Type Aluminum/Avg | | Bath Wainscot Fiberglass/Avg | |
| Year Built 1937 | | Evidence of ☐ Infestation None | | Storm Sash/Insulated None/Yes/Avg | | Car Storage ☐ None | |
| Effective Age (Yrs) 35 | | ☐ Dampness ☐ Settlement | | Screens Yes/Avg | | ☒ Driveway # of Cars 4 | |
| Attic ☐ None | | Heating ☐ FWA ☐ HWBB ☐ Radiant | Amenities | Woodstove(s) # | | Driveway Surface Concrete | |
| ☐ Drop Stair ☐ Stairs | | ☒ Other Wall Fuel Gas | | ☐ Fireplace(s) # ☒ Fence Chain-Link | | ☒ Garage # of Cars 1 | |
| ☐ Floor ☒ Scuttle | | Cooling ☐ Central Air Conditioning | | ☒ Patio/Deck Slab ☐ Porch | | ☐ Carport # of Cars | |
| ☐ Finished ☐ Heated | | ☐ Individual ☐ Other | | ☐ Pool ☐ Other | | ☐ Att. ☒ Det. ☐ Built-in | |

Appliances ☐ Refrigerator ☒ Range/Oven ☒ Dishwasher ☒ Disposal ☐ Microwave ☒ Washer/Dryer ☒ Other (describe) Fan Hood

Finished area above grade contains: 5 Rooms    2 Bedrooms    2 Bath(s)    1,025 Square Feet of Gross Living Area Above Grade

Additional features (special energy efficient items, etc.). Subject property has new interior/exterior paint. Tile flooring at entry, kitchen and bathrooms. New doors/windows. Custom kitchen cabinetry and granite countertops.

Describe the condition of the property (including needed repairs, deterioration, renovations, remodeling, etc.). Subject 's interior and exterior are in overall average condition with no repairs needed. Effective age is less than actual age due to basic maintenance. No functional or external inadequacies noted.

Are there any physical deficiencies or adverse conditions that affect the livability, soundness, or structural integrity of the property?    ☐ Yes ☒ No If Yes, describe

No adverse conditions noted at time of appraisal that would have any affect on livability, soundness or structural integrity of the subject property.

Does the property generally conform to the neighborhood (functional utility, style, condition, use, construction, etc.)?    ☒ Yes ☐ No If No, describe

The subject property generally conforms to the neighborhood.

Freddie Mac Form 70 March 2005    Page 1 of 6    Fannie Mae Form 1004 March 2005

## Uniform Residential Appraisal Report

File # ANG327-09

There are   14+/-   comparable properties currently offered for sale in the subject neighborhood ranging in price from $ 60,000   to $ 180,000 .

There are   21+/-   comparable sales in the subject neighborhood within the past twelve months ranging in sale price from $ 40,000   to $ 127,000 .

| FEATURE | SUBJECT | COMPARABLE SALE # 1 | | COMPARABLE SALE # 2 | | COMPARABLE SALE # 3 | |
|---|---|---|---|---|---|---|---|
| Address   3609 Arora Street | | 3635 Wallace Street | | 3874 Twining Street | | 5239 36th Street | |
| Riverside, CA 92509 | | Riverside, CA 92509 | | Riverside, CA 92509 | | Riverside, CA 92509 | |
| Proximity to Subject | | 0.06 miles E | | 0.22 miles SW | | 0.38 miles E | |
| Sale Price | $ N/A | | $ 85,000 | | $ 94,500 | | $ 80,500 |
| Sale Price/Gross Liv. Area | $ sq.ft. | $ 101.19 sq.ft. | | $ 77.46 sq.ft. | | $ 97.46 sq.ft. | |
| Data Source(s) | | MLS/NDC Data/Realquest | | MLS/NDC Data/Realquest | | MLS/NDC Data/Realquest | |
| Verification Source(s) | | Doc#458129 | | Doc#506703 | | Doc#567663 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sales or Financing | | None noted | | None noted | | None noted | |
| Concessions | | DOM: 7 | | DOM: Unknown | | DOM: Unknown | |
| Date of Sale/Time | | 09/02/2009 | | 09/30/2009 | | 11/03/2009 | |
| Location | Residential | Residential | | Residential | | Residential | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 9,148 Sqft | 10,454 Sqft | -1,306 | 10,890 Sqft | -1,742 | 7,405 Sqft | +1,743 |
| View | None | None | | None | | None | |
| Design (Style) | Conventional | Conventional | | Conventional | | Conventional | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Actual Age | 1937 | 1952 | | 1959 | | 1950 | |
| Condition | Average | Similar | | Similar | | Similar | |
| Above Grade | Total  Bdrms.  Baths | Total  Bdrms.  Baths | | Total  Bdrms.  Baths | | Total  Bdrms.  Baths | |
| Room Count | 5    2    2 | 5    2    1 | +5,000 | 6    3    2 | -5,000 | 5    2    1 | +5,000 |
| Gross Living Area | 1,025 sq.ft. | 840 sq.ft. | +9,250 | 1,220 sq.ft. | -9,750 | 826 sq.ft. | +9,950 |
| Basement & Finished | None | None | | None | | None | |
| Rooms Below Grade | N/A | N/A | | N/A | | N/A | |
| Functional Utility | Average- | Average | -2,500 | Average | -2,500 | Average | -2,500 |
| Heating/Cooling | Wall/None | Wall/None | | Wall/None | | Wall/None | |
| Energy Efficient Items | Standard | Standard | | Standard | | Standard | |
| Garage/Carport | 1-Car Garage | 1-Car Garage | | 0-Car Garage | +5,000 | 1-Car Garage | |
| Porch/Patio/Deck | Patio | Patio | | Patio | | Patio | |
| Pool/Spa | None | None | | None | | None | |
| | | | | | | | |
| Net Adjustment (Total) | | ☒ +  ☐ - | $ 10,444 | ☐ +  ☒ - | $ -13,992 | ☒ +  ☐ - | $ 14,193 |
| Adjusted Sale Price | | Net Adj.   12.3 % | | Net Adj.   14.8 % | | Net Adj.   17.6 % | |
| of Comparables | | Gross Adj. 21.2 % | $ 95,444 | Gross Adj. 25.4 % | $ 80,508 | Gross Adj. 23.8 % | $ 94,693 |

I ☒ did ☐ did not research the sale or transfer history of the subject property and comparable sales. If not, explain



My research ☐ did ☒ did not reveal any prior sales or transfers of the subject property for the three years prior to the effective date of this appraisal.

Data Source(s)   MLS, NDC Data, and Realquest

My research ☒ did ☐ did not reveal any prior sales or transfers of the comparable sales for the year prior to the date of sale of the comparable sale.

Data Source(s)   MLS, NDC Data, and Realquest

Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE #1 | COMPARABLE SALE #2 | COMPARABLE SALE #3 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | No prior sale within the | 07/21/09; Trustee's Deed | No prior sale within the | 07/16/09; Trustee's Deed |
| Price of Prior Sale/Transfer | past 36 months | $85,000; Doc#376502 | past 12 months | $42,250; Doc#368185 |
| Data Source(s) | MLS/NDC Data/Realquest | MLS/NDC Data/Realquest | MLS/NDC Data/Realquest | MLS/NDC Data/Realquest |
| Effective Date of Data Source(s) | Current | Current | Current | Current |

Analysis of prior sale or transfer history of the subject property and comparable sales   According to the public records, the subject property has not

transfered within the past 3 years. Comparables #1, #3 & #4 have transfered within the past 12 months.



Summary of Sales Comparison Approach   See attached addendum.



Indicated Value by Sales Comparison Approach $  90,000

Indicated Value by: Sales Comparison Approach $  90,000   Cost Approach (if developed) $  90,000   Income Approach (if developed) $  N/A

The Sales Comparison Approach is weighted most as it best reflects the actions of informed buyers and sellers in the current market.

Additional support is provided by the Cost Approach. The Income Approach is not used since subject area homes are typically owner

occupied.

This appraisal is made ☒ "as is",   ☐ subject to completion per plans and specifications on the basis of a hypothetical condition that the improvements have been

completed,   ☐ subject to the following repairs or alterations on the basis of a hypothetical condition that the repairs or alterations have been completed, or ☐ subject to the

following required inspection based on the extraordinary assumption that the condition or deficiency does not require alteration or repair:

Based on a complete visual inspection of the interior and exterior areas of the subject property, defined scope of work, statement of assumptions and limiting

conditions, and appraiser's certification, my (our) opinion of the market value, as defined, of the real property that is the subject of this report is

$   90,000   , as of   12/05/2009   , which is the date of inspection and the effective date of this appraisal.

Form 1004 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

## Uniform Residential Appraisal Report

File # ANG327-09

| | |
|---|---|
| **Comments on the digital photos and digital signature:** | |

The digital photos of the subject property in this appraisal report are all original photos that were taken at the time of the inspection and have not been altered or enhanced in any way.

The signature in this report is a digital original signature that is protected by a password. Once the signature is embedded into the report, no alterations or changes can be made with the authorization of the appraiser.

Kenneth Le, Trainee License #AT042794 significantly contributed to all aspects of this appraisal including but not limited to the analysis, comparison selection, photographing, measuring, sketching, inspection of subject/comparables and final reconciliation of value for the subject of this report under the direct supervision of the certified appraiser.

**Additional Comments Regarding Market Conditions:**

Foreclosure activity in the subject neighborhood has increased at a minium of 10%-20% over the past 6 to 12 months primarily due to an abundant inventory of unsuccessful "short sale" transactions. They subsequently become bank owned REO's which are later auctioned off at reduced prices at or below current appraised value. As a result, there is a negative impact & downward influence on property values. As observed from local economic data from published sources available to appraiser, this downward trend of declining property values is not unique only to the subject's immediate neighborhood but also applicable to surrounding neighborhoods and communities as well.

*(ADDITIONAL COMMENTS — blank lines)*

---

### COST APPROACH TO VALUE (not required by Fannie Mae)

Provide adequate information for the lender/client to replicate the below cost figures and calculations.

Support for the opinion of site value (summary of comparable land sales or other methods for estimating site value)     Site or land value is typical for the area and determined through extraction.

| | | |
|---|---|---|
| ESTIMATED ☐ REPRODUCTION OR ☒ REPLACEMENT COST NEW | OPINION OF SITE VALUE ...................................................... =$ | 30,000 |
| Source of cost data  Marshall and Swift Residential Cost Handbook | DWELLING          1,025 Sq.Ft. @ $    100.00 ......... =$ | 102,500 |
| Quality rating from cost service  Good    Effective date of cost data  Current | None Sq.Ft. @ $ ......... =$ | |
| Comments on Cost Approach (gross living area calculations, depreciation, etc.) | ......... =$ | |
| The Marshall and Swift Residential Cost Handbook and the appraiser's | Garage/Carport      264 Sq.Ft. @ $    25.00 ......... =$ | 6,600 |
| knowledge were used to estimate reproduction costs. Land value has | Total Estimate of Cost-New ......... =$ | 109,100 |
| been derived from abstraction/allocation methods. The ratio for site | Less    Physical    Functional    External | |
| value to improvements is typical for the neighborhood. | Depreciation     54,550    2,500 =$( | 57,050) |
| | Depreciated Cost of Improvements ......... =$ | 52,050 |
| | "As-is" Value of Site Improvements ......... =$ | 7,950 |
| Estimated Remaining Economic Life (HUD and VA only)    35 Years | INDICATED VALUE BY COST APPROACH ......... =$ | 90,000 |

### INCOME APPROACH TO VALUE (not required by Fannie Mae)

| | | |
|---|---|---|
| Estimated Monthly Market Rent $ | X Gross Rent Multiplier    = $ | Indicated Value by Income Approach |

Summary of Income Approach (including support for market rent and GRM)

### PROJECT INFORMATION FOR PUDs (if applicable)

Is the developer/builder in control of the Homeowners' Association (HOA)? ☐ Yes ☐ No    Unit type(s) ☐ Detached ☐ Attached

Provide the following information for PUDs ONLY if the developer/builder is in control of the HOA and the subject property is an attached dwelling unit.

Legal Name of Project

| | |
|---|---|
| Total number of phases | Total number of units | Total number of units sold |
| Total number of units rented | Total number of units for sale | Data source(s) |

Was the project created by the conversion of existing building(s) into a PUD? ☐ Yes    No  If Yes, date of conversion.

Does the project contain any multi-dwelling units? ☐ Yes ☐ No  Data Source

Are the units, common elements, and recreation facilities complete? ☐ Yes    No  If No, describe the status of completion.

Are the common elements leased to or by the Homeowners' Association? ☐ Yes    No  If Yes, describe the rental terms and options.

Describe common elements and recreational facilities.

---

Freddie Mac Form 70 March 2005                    Page 3 of 6                    Fannie Mae Form 1004 March 2005

## Uniform Residential Appraisal Report    File # ANG327-09

This report form is designed to report an appraisal of a one-unit property or a one-unit property with an accessory unit; including a unit in a planned unit development (PUD). This report form is not designed to report an appraisal of a manufactured home or a unit in a condominium or cooperative project.

This appraisal report is subject to the following scope of work, intended use, intended user, definition of market value, statement of assumptions and limiting conditions, and certifications. Modifications, additions, or deletions to the intended use, intended user, definition of market value, or assumptions and limiting conditions are not permitted. The appraiser may expand the scope of work to include any additional research or analysis necessary based on the complexity of this appraisal assignment. Modifications or deletions to the certifications are also not permitted. However, additional certifications that do not constitute material alterations to this appraisal report, such as those required by law or those related to the appraiser's continuing education or membership in an appraisal organization, are permitted.

**SCOPE OF WORK:** The scope of work for this appraisal is defined by the complexity of this appraisal assignment and the reporting requirements of this appraisal report form, including the following definition of market value, statement of assumptions and limiting conditions, and certifications. The appraiser must, at a minimum: (1) perform a complete visual inspection of the interior and exterior areas of the subject property, (2) inspect the neighborhood, (3) inspect each of the comparable sales from at least the street, (4) research, verify, and analyze data from reliable public and/or private sources, and (5) report his or her analysis, opinions, and conclusions in this appraisal report.

**INTENDED USE:** The intended use of this appraisal report is for the lender/client to evaluate the property that is the subject of this appraisal for a mortgage finance transaction.

**INTENDED USER:** The intended user of this appraisal report is the lender/client.

**DEFINITION OF MARKET VALUE:** The most probable price which a property should bring in a competitive and open market under all conditions requisite to a fair sale, the buyer and seller, each acting prudently, knowledgeably and assuming the price is not affected by undue stimulus. Implicit in this definition is the consummation of a sale as of a specified date and the passing of title from seller to buyer under conditions whereby: (1) buyer and seller are typically motivated; (2) both parties are well informed or well advised, and each acting in what he or she considers his or her own best interest; (3) a reasonable time is allowed for exposure in the open market; (4) payment is made in terms of cash in U. S. dollars or in terms of financial arrangements comparable thereto; and (5) the price represents the normal consideration for the property sold unaffected by special or creative financing or sales concessions* granted by anyone associated with the sale.

*Adjustments to the comparables must be made for special or creative financing or sales concessions. No adjustments are necessary for those costs which are normally paid by sellers as a result of tradition or law in a market area; these costs are readily identifiable since the seller pays these costs in virtually all sales transactions. Special or creative financing adjustments can be made to the comparable property by comparisons to financing terms offered by a third party institutional lender that is not already involved in the property or transaction. Any adjustment should not be calculated on a mechanical dollar for dollar cost of the financing or concession but the dollar amount of any adjustment should approximate the market's reaction to the financing or concessions based on the appraiser's judgment.

**STATEMENT OF ASSUMPTIONS AND LIMITING CONDITIONS:** The appraiser's certification in this report is subject to the following assumptions and limiting conditions:

1. The appraiser will not be responsible for matters of a legal nature that affect either the property being appraised or the title to it, except for information that he or she became aware of during the research involved in performing this appraisal. The appraiser assumes that the title is good and marketable and will not render any opinions about the title.

2. The appraiser has provided a sketch in this appraisal report to show the approximate dimensions of the improvements. The sketch is included only to assist the reader in visualizing the property and understanding the appraiser's determination of its size.

3. The appraiser has examined the available flood maps that are provided by the Federal Emergency Management Agency (or other data sources) and has noted in this appraisal report whether any portion of the subject site is located in an identified Special Flood Hazard Area. Because the appraiser is not a surveyor, he or she makes no guarantees, express or implied, regarding this determination.

4. The appraiser will not give testimony or appear in court because he or she made an appraisal of the property in question, unless specific arrangements to do so have been made beforehand, or as otherwise required by law.

5. The appraiser has noted in this appraisal report any adverse conditions (such as needed repairs, deterioration, the presence of hazardous wastes, toxic substances, etc.) observed during the inspection of the subject property or that he or she became aware of during the research involved in performing the appraisal. Unless otherwise stated in this appraisal report, the appraiser has no knowledge of any hidden or unapparent physical deficiencies or adverse conditions of the property (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) that would make the property less valuable, and has assumed that there are no such conditions and makes no guarantees or warranties, express or implied. The appraiser will not be responsible for any such conditions that do exist or for any engineering or testing that might be required to discover whether such conditions exist. Because the appraiser is not an expert in the field of environmental hazards, this appraisal report must not be considered as an environmental assessment of the property.

6. The appraiser has based his or her appraisal report and valuation conclusion for an appraisal that is subject to satisfactory completion, repairs, or alterations on the assumption that the completion, repairs, or alterations of the subject property will be performed in a professional manner.

Form 1004 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

**Uniform Residential Appraisal Report**     File # ANG327-09

**APPRAISER'S CERTIFICATION:** The Appraiser certifies and agrees that:

1. I have, at a minimum, developed and reported this appraisal in accordance with the scope of work requirements stated in this appraisal report.

2. I performed a complete visual inspection of the interior and exterior areas of the subject property. I reported the condition of the improvements in factual, specific terms. I identified and reported the physical deficiencies that could affect the livability, soundness, or structural integrity of the property.

3. I performed this appraisal in accordance with the requirements of the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

4. I developed my opinion of the market value of the real property that is the subject of this report based on the sales comparison approach to value. I have adequate comparable market data to develop a reliable sales comparison approach for this appraisal assignment. I further certify that I considered the cost and income approaches to value but did not develop them, unless otherwise indicated in this report.

5. I researched, verified, analyzed, and reported on any current agreement for sale for the subject property, any offering for sale of the subject property in the twelve months prior to the effective date of this appraisal, and the prior sales of the subject property for a minimum of three years prior to the effective date of this appraisal, unless otherwise indicated in this report.

6. I researched, verified, analyzed, and reported on the prior sales of the comparable sales for a minimum of one year prior to the date of sale of the comparable sale, unless otherwise indicated in this report.

7. I selected and used comparable sales that are locationally, physically, and functionally the most similar to the subject property.

8. I have not used comparable sales that were the result of combining a land sale with the contract purchase price of a home that has been built or will be built on the land.

9. I have reported adjustments to the comparable sales that reflect the market's reaction to the differences between the subject property and the comparable sales.

10. I verified, from a disinterested source, all information in this report that was provided by parties who have a financial interest in the sale or financing of the subject property.

11. I have knowledge and experience in appraising this type of property in this market area.

12. I am aware of, and have access to, the necessary and appropriate public and private data sources, such as multiple listing services, tax assessment records, public land records and other such data sources for the area in which the property is located.

13. I obtained the information, estimates, and opinions furnished by other parties and expressed in this appraisal report from reliable sources that I believe to be true and correct.

14. I have taken into consideration the factors that have an impact on value with respect to the subject neighborhood, subject property, and the proximity of the subject property to adverse influences in the development of my opinion of market value. I have noted in this appraisal report any adverse conditions (such as, but not limited to, needed repairs, deterioration, the presence of hazardous wastes, toxic substances, adverse environmental conditions, etc.) observed during the inspection of the subject property or that I became aware of during the research involved in performing this appraisal. I have considered these adverse conditions in my analysis of the property value, and have reported on the effect of the conditions on the value and marketability of the subject property.

15. I have not knowingly withheld any significant information from this appraisal report and, to the best of my knowledge, all statements and information in this appraisal report are true and correct.

16. I stated in this appraisal report my own personal, unbiased, and professional analysis, opinions, and conclusions, which are subject only to the assumptions and limiting conditions in this appraisal report.

17. I have no present or prospective interest in the property that is the subject of this report, and I have no present or prospective personal interest or bias with respect to the participants in the transaction. I did not base, either partially or completely, my analysis and/or opinion of market value in this appraisal report on the race, color, religion, sex, age, marital status, handicap, familial status, or national origin of either the prospective owners or occupants of the subject property or of the present owners or occupants of the properties in the vicinity of the subject property or on any other basis prohibited by law.

18. My employment and/or compensation for performing this appraisal or any future or anticipated appraisals was not conditioned on any agreement or understanding, written or otherwise, that I would report (or present analysis supporting) a predetermined specific value, a predetermined minimum value, a range or direction in value, a value that favors the cause of any party, or the attainment of a specific result or occurrence of a specific subsequent event (such as approval of a pending mortgage loan application).

19. I personally prepared all conclusions and opinions about the real estate that were set forth in this appraisal report. If I relied on significant real property appraisal assistance from any individual or individuals in the performance of this appraisal or the preparation of this appraisal report, I have named such individual(s) and disclosed the specific tasks performed in this appraisal report. I certify that any individual so named is qualified to perform the tasks. I have not authorized anyone to make a change to any item in this appraisal report; therefore, any change made to this appraisal is unauthorized and I will take no responsibility for it.

20. I identified the lender/client in this appraisal report who is the individual, organization, or agent for the organization that ordered and will receive this appraisal report.

Form 1004 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

# Uniform Residential Appraisal Report

File # ANG327-09

21. The lender/client may disclose or distribute this appraisal report to: the borrower; another lender at the request of the borrower; the mortgagee or its successors and assigns; mortgage insurers; government sponsored enterprises; other secondary market participants; data collection or reporting services; professional appraisal organizations; any department, agency, or instrumentality of the United States; and any state, the District of Columbia, or other jurisdictions; without having to obtain the appraiser's or supervisory appraiser's (if applicable) consent. Such consent must be obtained before this appraisal report may be disclosed or distributed to any other party (including, but not limited to, the public through advertising, public relations, news, sales, or other media).

22. I am aware that any disclosure or distribution of this appraisal report by me or the lender/client may be subject to certain laws and regulations. Further, I am also subject to the provisions of the Uniform Standards of Professional Appraisal Practice that pertain to disclosure or distribution by me.

23. The borrower, another lender at the request of the borrower, the mortgagee or its successors and assigns, mortgage insurers, government sponsored enterprises, and other secondary market participants may rely on this appraisal report as part of any mortgage finance transaction that involves any one or more of these parties.

24. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

25. Any intentional or negligent misrepresentation(s) contained in this appraisal report may result in civil liability and/or criminal penalties including, but not limited to, fine or imprisonment or both under the provisions of Title 18, United States Code, Section 1001, et seq., or similar state laws.

**SUPERVISORY APPRAISER'S CERTIFICATION:** The Supervisory Appraiser certifies and agrees that:

1. I directly supervised the appraiser for this appraisal assignment, have read the appraisal report, and agree with the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

2. I accept full responsibility for the contents of this appraisal report including, but not limited to, the appraiser's analysis, opinions, statements, conclusions, and the appraiser's certification.

3. The appraiser identified in this appraisal report is either a sub-contractor or an employee of the supervisory appraiser (or the appraisal firm), is qualified to perform this appraisal, and is acceptable to perform this appraisal under the applicable state law.

4. This appraisal report complies with the Uniform Standards of Professional Appraisal Practice that were adopted and promulgated by the Appraisal Standards Board of The Appraisal Foundation and that were in place at the time this appraisal report was prepared.

5. If this appraisal report was transmitted as an "electronic record" containing my "electronic signature," as those terms are defined in applicable federal and/or state laws (excluding audio and video recordings), or a facsimile transmission of this appraisal report containing a copy or representation of my signature, the appraisal report shall be as effective, enforceable and valid as if a paper version of this appraisal report were delivered containing my original hand written signature.

| APPRAISER | SUPERVISORY APPRAISER (ONLY IF REQUIRED) |
|---|---|
| Signature | Signature |
| Name  Thomas J. Thomson | Name |
| Company Name  Appraisal Network Group | Company Name |
| Company Address  3592 Rosemead Blvd., #335 | Company Address |
| Rosemead, CA 91770 | |
| Telephone Number  (323) 833-6222 | Telephone Number |
| Email Address  property@thomson-appraisal.com | Email Address |
| Date of Signature and Report   December 09, 2009 | Date of Signature |
| Effective Date of Appraisal   12/05/2009 | State Certification # |
| State Certification # | or State License # |
| or State License #   AR015287 | State |
| or Other (describe)                          State # | Expiration Date of Certification or License |
| State  CA | |
| Expiration Date of Certification or License   01/01/2010 | SUBJECT PROPERTY |
| | ☐ Did not inspect subject property |
| ADDRESS OF PROPERTY APPRAISED | ☐ Did inspect exterior of subject property from street |
| 3609 Arora Street | Date of Inspection |
| Riverside, CA 92509 | ☐ Did inspect interior and exterior of subject property |
| APPRAISED VALUE OF SUBJECT PROPERTY $   90,000 | Date of Inspection |
| LENDER/CLIENT | |
| Name | COMPARABLE SALES |
| Company Name  Alonzo Ruiz & Reynalda | |
| Company Address  3609 Arora Street, Riverside, CA 92509 | ☐ Did not inspect exterior of comparable sales from street |
| | ☐ Did inspect exterior of comparable sales from street |
| Email Address | Date of Inspection |

Form 1004 — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

## Uniform Residential Appraisal Report

File # ANG327-09

| FEATURE | SUBJECT | COMPARABLE SALE #4 | | COMPARABLE SALE #5 | | COMPARABLE SALE #6 | |
|---|---|---|---|---|---|---|---|
| Address 3609 Arora Street | | 5617 Bella Drive | | 3726 Pontiac Avenue | | 3691 Pontiac Avenue | |
| Riverside, CA 92509 | | Riverside, CA 92509 | | Riverside, CA 92509 | | Riverside, CA 92509 | |
| Proximity to Subject | | 0.81 miles NE | | 0.31 miles NW | | 0.34 miles NW | |
| Sale Price | $ N/A | | $ 102,000 | | $ 87,400 | | $ 77,400 |
| Sale Price/Gross Liv. Area | $ sq.ft. | $ 97.14 sq.ft. | | $ 88.73 sq.ft. | | $ 80.88 sq.ft. | |
| Data Source(s) | | Doc#570119 MLS/NDC Data/Realquest | | MLS#I09125533 MLS Alliance/Listing Sale | | MLS#I09125530 MLS Alliance/Listing Sale | |
| Verification Source(s) | | Doc#570119 | | MLS#I09125533 | | MLS#I09125530 | |
| VALUE ADJUSTMENTS | DESCRIPTION | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment | DESCRIPTION | +(-) $ Adjustment |
| Sales or Financing | | None noted | | Unknown | | Unknown | |
| Concessions | | DOM: 11 | | DOM: 6 | | DOM: 6 | |
| Date of Sale/Time | | 11/04/2009 | | For Sale | | For Sale | |
| Location | Residential | Residential | | Residential | | Residential | |
| Leasehold/Fee Simple | Fee Simple | Fee Simple | | Fee Simple | | Fee Simple | |
| Site | 9,148 Sqft | 7,405 Sqft | +1,743 | 7,405 Sqft | +1,743 | 6,534 Sqft | +2,614 |
| View | None | None | | None | | None | |
| Design (Style) | Conventional | Conventional | | Conventional | | Conventional | |
| Quality of Construction | Average | Average | | Average | | Average | |
| Actual Age | 1937 | 1956 | | 1947 | | 1948 | |
| Condition | Average | Similar | | Similar | | Inferior | +10,000 |
| Above Grade | Total Bdrms. Baths | Total Bdrms. Baths | | Total Bdrms. Baths | | Total Bdrms. Baths | |
| Room Count | 5   2   2 | 6   3   1.5 | -2,500 | 5   2   1 | +5,000 | 5   2   1 | +5,000 |
| Gross Living Area | 1,025 sq.ft. | 1,050 sq.ft. | 0 | 985 sq.ft. | 0 | 957 sq.ft. | 0 |
| Basement & Finished | None | None | | None | | None | |
| Rooms Below Grade | N/A | N/A | | N/A | | N/A | |
| Functional Utility | Average- | Average | -2,500 | Average | -2,500 | Average | -2,500 |
| Heating/Cooling | Wall/None | Wall/None | | Wall/None | | Wall/None | |
| Energy Efficient Items | Standard | Standard | | Standard | | Standard | |
| Garage/Carport | 1-Car Garage | 2-Car Garage | -5,000 | 2-Car Garage | -5,000 | 2-Car Garage | -5,000 |
| Porch/Patio/Deck | Patio | Patio | | Patio | | Patio | |
| Pool/Spa | None | None | | None | | None | |
| | | | | | | | |
| Net Adjustment (Total) | | ☐ + ☒ - | $ -8,257 | ☐ + ☒ - | $ -757 | ☒ + ☐ - | $ 10,114 |
| Adjusted Sale Price | | Net Adj.  8.1 % | | Net Adj.  0.9 % | | Net Adj.  13.1 % | |
| of Comparables | | Gross Adj.  11.5 % $ | 93,743 | Gross Adj.  16.3 % $ | 86,643 | Gross Adj.  32.4 % $ | 87,514 |

Report the results of the research and analysis of the prior sale or transfer history of the subject property and comparable sales (report additional prior sales on page 3).

| ITEM | SUBJECT | COMPARABLE SALE #4 | COMPARABLE SALE #5 | COMPARABLE SALE #6 |
|---|---|---|---|---|
| Date of Prior Sale/Transfer | No prior sale within the | 05/14/09; Trustee's Deed | No prior sale within the | No prior sale within the |
| Price of Prior Sale/Transfer | past 36 months | $101,885; Doc#220681 | past 12 months | past 12 months |
| Data Source(s) | MLS/NDC Data/Realquest | MLS/NDC Data/Realquest | MLS/NDC Data/Realquest | MLS/NDC Data/Realquest |
| Effective Date of Data Source(s) | Current | Current | Current | Current |

Analysis of prior sale or transfer history of the subject property and comparable sales

Analysis/Comments

| Client | Alonzo Ruiz & Reynalda | | | | | | |
|---|---|---|---|---|---|---|---|
| Property Address | 3609 Arora St | | | | | | |
| City | Riverside | County | Riverside | State | CA | Zip Code | 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | | | |

**Comments on site condition:**
The subject property is located in an area that conforms to a fully developed tract. The current use of this site conforms to the standards and mandatory regulations set forth for single family residences.

The 60 Pomona Freeway runs through the center of Riverside. Comparable sales were selected from both sides of the freeway from similar competing neighborhoods. Therefore, no location adjustments were deemed necessary.

Subject's garage has been converted into an bedroom & living room area without permit. The conversion appears to be completed in workman like manner w/no safety hazards noted. No value consideration was given. Estimated cost to cure back into a functional garage is approximately $2,500.

Subject has a rear bonus room addition adjacent to garage consisting of kitchen and bathroom; completed in workman like manner; appraiser was unable to verify a permit; therefore, no value consideration was given. No negative affect towards subject's marketability or appraised value was noted.

Per site inspection, subject's attic has been converted to a bedroom without permit. There is additional bonus room on second floor adjacent to attic approximately 370 sq.ft. consisting of two bedrooms; The attic and additional bonus room have been completed in workman like manner; appraiser was unable to verify permits for both; therefore, no value consideration was given.

Per Dataquick/Realquest records, subject's GLA is listed at 1,043 sq.ft. with 3 bedrooms and 1 bathroom. Per appraiser's site inspection of the subject property, the GLA was calculated at approximately 1,025 sq.ft. with 2 bedrooms and 2 bathrooms. For purposes of this appraisal report, the actual site calculations, number of bedrooms and bathrooms were used in the report.

**Comments on Sales Comparisons:**
A thorough search was conducted for recent comparable sales within the subject's market area. Particular attention was given to comparable sales that have similar square footage and room count. The comparables that were chosen are the most recent in the subject property's market area. They are the best indicators of the subject's current market value available for analysis.

**Adjustments for sales comparable #1-#6:**

Site size: An adjustment was based on $1/Sqft.
Gross living area: An adjustment of $50/Sqft was used to calculate differences exceeding 100 sqft. This figure is considered typical for the are and for the size of the property being appraised.
Bedroom/Bathroom: An adjustment of $5,000 was given
Garage: An adjustment of $5,000 was given
Condition: An adjustment of $10,000 was given

All other adjustments are considered self explanatory. Equal weight and consideration was given to all comparables. The data used in this analysis for the Sales Comparison Approach was obtained through the use of Multiple Listing Service, the Title Company, Real Quest, Dataquick and National Data Collections.

Please note comps #5-#6 are active listings similar to the subject property in age, size, room count, lot size and overall condition. They are located within the subject's market area. They were chosen as additional support for subject's appraised value.

## Subject Photo Page

| Client | Alonzo Ruiz & Reynalda | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 3609 Arora St | | | | | |
| City | Riverside | County | Riverside | State | CA | Zip Code 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | | |



### Subject Front

3609 Arora Street
| | |
|---|---|
| Sales Price | N/A |
| Gross Living Area | 1,025 |
| Total Rooms | 5 |
| Total Bedrooms | 2 |
| Total Bathrooms | 2 |
| Location | Residential |
| View | None |
| Site | 9,148 Sqft |
| Quality | Average |
| Age | 1937 |



### Subject Rear



### Subject Street

**Photograph Addendum**

| Client | Alonzo Ruiz & Reynalda | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 3609 Arora St | | | | | |
| City | Riverside | County | Riverside | State | CA | Zip Code 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | | |



Kitchen



Bathroom



Attic

## Photograph Addendum

| Client | Alonzo Ruiz & Reynalda | | | | |
|---|---|---|---|---|---|
| Property Address | 3609 Arora St | | | | |
| City | Riverside | County | Riverside | State CA | Zip Code 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | |



Living Room



Bedroom



Bathroom

**Photograph Addendum**

| Client | Alonzo Ruiz & Reynalda | | | | | |
|--------|------------------------|--|--|--|--|--|
| Property Address | 3609 Arora St | | | | | |
| City | Riverside | | County Riverside | | State CA | Zip Code 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | | |



Bedroom (2nd Floor)



Bedroom (2nd Floor)

**Photograph Addendum**

| Client | Alonzo Ruiz & Reynalda | | | | |
|---|---|---|---|---|---|
| Property Address | 3609 Arora St | | | | |
| City | Riverside | County | Riverside | State CA | Zip Code 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | |



1-Car Detached Garage



Additional Bonus Room (Kitchen & Bathroom)
Adjacent to Garage



Kitchen At Additional Bonus Room

**Photograph Addendum**

| Client | Alonzo Ruiz & Reynalda | | | | |
|---|---|---|---|---|---|
| Property Address | 3609 Arora St | | | | |
| City | Riverside | County | Riverside | State CA | Zip Code 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | |



Bathroom At Additional Bonus Room



Bedroom At Additional Bonus Room

**Comparable Photo Page**

| | |
|---|---|
| Client | Alonzo Ruiz & Reynalda |
| Property Address | 3609 Arora St |
| City | Riverside | County | Riverside | State | CA | Zip Code | 92509 |
| Owner | Alonzo Ruiz & Reynalda |



### Comparable 1

3635 Wallace Street

| | |
|---|---|
| Prox. to Subject | 0.06 miles E |
| Sales Price | 85,000 |
| Gross Living Area | 840 |
| Total Rooms | 5 |
| Total Bedrooms | 2 |
| Total Bathrooms | 1 |
| Location | Residential |
| View | None |
| Site | 10,454 Sqft |
| Quality | Average |
| Age | 1952 |



### Comparable 2

3874 Twining Street

| | |
|---|---|
| Prox. to Subject | 0.22 miles SW |
| Sales Price | 94,500 |
| Gross Living Area | 1,220 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 2 |
| Location | Residential |
| View | None |
| Site | 10,890 Sqft |
| Quality | Average |
| Age | 1959 |



### Comparable 3

5239 36th Street

| | |
|---|---|
| Prox. to Subject | 0.38 miles E |
| Sales Price | 80,500 |
| Gross Living Area | 826 |
| Total Rooms | 5 |
| Total Bedrooms | 2 |
| Total Bathrooms | 1 |
| Location | Residential |
| View | None |
| Site | 7,405 Sqft |
| Quality | Average |
| Age | 1950 |

**Comparable Photo Page**

| Client | Alonzo Ruiz & Reynalda | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 3609 Arora St | | | | | |
| City | Riverside | County | Riverside | State | CA | Zip Code 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | | |



### Comparable 4

5617 Bella Drive

| | |
|---|---|
| Prox. to Subject | 0.81 miles NE |
| Sales Price | 102,000 |
| Gross Living Area | 1,050 |
| Total Rooms | 6 |
| Total Bedrooms | 3 |
| Total Bathrooms | 1.5 |
| Location | Residential |
| View | None |
| Site | 7,405 Sqft |
| Quality | Average |
| Age | 1956 |



### Comparable 5

3726 Pontiac Avenue

| | |
|---|---|
| Prox. to Subject | 0.31 miles NW |
| Sales Price | 87,400 |
| Gross Living Area | 985 |
| Total Rooms | 5 |
| Total Bedrooms | 2 |
| Total Bathrooms | 1 |
| Location | Residential |
| View | None |
| Site | 7,405 Sqft |
| Quality | Average |
| Age | 1947 |



### Comparable 6

3691 Pontiac Avenue

| | |
|---|---|
| Prox. to Subject | 0.34 miles NW |
| Sales Price | 77,400 |
| Gross Living Area | 957 |
| Total Rooms | 5 |
| Total Bedrooms | 2 |
| Total Bathrooms | 1 |
| Location | Residential |
| View | None |
| Site | 6,534 Sqft |
| Quality | Average |
| Age | 1948 |

## Building Sketch

| Client | Alonzo Ruiz & Reynalda | | | | |
|---|---|---|---|---|---|
| Property Address | 3609 Arora St | | | | |
| City | Riverside | County | Riverside | State | CA | Zip Code | 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | |



**Area Calculations Summary**

| Living Area | | Calculation Details | |
|---|---|---|---|
| First Floor | 1024.5 Sq ft | 19 × 14 = 266 |
| | | 18.5 × 41 = 758.5 |
| **Total Living Area (Rounded):** | **1025 Sq ft** | | |
| **Non-living Area** | | | |
| 1 Car Detached | 264 Sq ft | 22 × 12 = 264 |
| Bonus Room | 370 Sq ft | 20 × 18.5 = 370 |
| Attic | 295.3 Sq ft | 18.5 × 14.5 = 268.25 |
| | | 3 × 9 = 27 |

**Location Map**

| Client | Alonzo Ruiz & Reynalda | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 3609 Arora St | | | | | |
| City | Riverside | County | Riverside | State | CA | Zip Code 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | | |



Form MAP.LOC — "WinTOTAL" appraisal software by a la mode, inc. — 1-800-ALAMODE

**Plat Map**

| Client | Alonzo Ruiz & Reynalda | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 3609 Arora St | | | | | |
| City | Riverside | County | Riverside | State | CA | Zip Code 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | | |



**Appraiser's License**

| Client | Alonzo Ruiz & Reynalda | | | | |
|---|---|---|---|---|---|
| Property Address | 3609 Arora St | | | | |
| City | Riverside | County | Riverside | State CA | Zip Code 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | |



**E & O Insurance**

| Client | Alonzo Ruiz & Reynalda | | | | | |
|---|---|---|---|---|---|---|
| Property Address | 3609 Arora St | | | | | |
| City | Riverside | County | Riverside | State | CA | Zip Code 92509 |
| Owner | Alonzo Ruiz & Reynalda | | | | | |



**COVER NOTE**

**INSURED:** Thomas J. Thomson

**MAILING ADDRESS:** 8721 Santa Monica Blvd #150
West Hollywood, CA 90069

*This is to certify that the undersigned has procured insurance coverage as hereafter specified from certain companies and/or underwriters.*

**EFFECTIVE:** 10/20/2009     **EXPIRATION:** 10/20/2010     **RETROACTIVE:** 10/20/2000

**COVERAGE:** Professional Liability for Specified Professions

Profession: Real Estate Appraiser
Claims Made Form: MPL #26901 (9/87)
Limits: Per Occurrence: $1,000,000  Annual Aggregate: $1,000,000
Deductible: $1,000

**CONDITIONS:**

Real Estate Agent/ Broker Referral Indemnity
Knowledge of Wrongful Act Exclusion
Pending and/or Prior Litigation Exclusion
Defense within Policy Limit
Deductible includes Loss Adjustment Expenses

**COMPANIES PARTICIPATING:**
National Union Fire Insurance Company of Pittsburg, PA

**ASSIGNED COVER NOTE # Z FREA 01-1177**

**CUSTOMER # 0016572**

Issued at: 4907 Morena Blvd., Suite 1415
San Diego, CA 92117

**DATE:** 10/02/2009                    By: *Kcarpenter*

Insurance, when effected shall be subject to all terms and conditions of policy (ies) which will be issued, and in event of any inconsistency herewith, the terms and provisions of the policy.

EXHIBIT 3

In re _Alonzo Avila Ruiz and Reynalda Ruiz_ _____,    Case No. _RS09-39616-PC_
Debtor(s)    (if known)

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:    ☐ Check if debtor claims a homestead exemption that exceeds $136,875.

(Check one box)

☐ 11 U.S.C. § 522(b) (2)

☒ 11 U.S.C. § 522(b) (3)

·

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| _Cash_ | _Calif. C.C.P. §703.140(b)(5)_ | $ 280.00 | $ 280.00 |
| _Various Household Goods (no item is over $525)_ | _Calif. C.C.P. §703.140(b)(3)_ | $ 5,000.00 | $ 5,000.00 |
| _Clothing (no item is over $525)_ | _Calif. C.C.P. §703.140(b)(3)_ | $ 750.00 | $ 750.00 |
| _Jewelry_ | _Calif. C.C.P. §703.140(b)(4)_<br>_Calif. C.C.P. §703.140(b)(5)_ | $ 1,350.00<br>$ 150.00 | $ 1,500.00 |
| _2002 Ford Mustang_ | _Calif. C.C.P. §703.140(b)(2)_ | $ 1,837.00 | $ 4,665.00 |
| _2005 Chevrolet Suburban_ | _Calif. C.C.P. §703.140(b)(5)_ | $ 707.12 | $ 15,000.00 |

EXHIBIT 4

| UNITED STATES BANKRUPTCY COURT    CENTRAL DISTRICT OF CALIFORNIA RIVERSIDE DIVISION | PROOF OF CLAIM |
|---|---|

| Name of Debtor: Alonzo Avila Ruiz | Case Number: RS09-39616-PC |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property): U.S. Bank, National Association, as trustee for J.P. Morgan Mortgage Acquisition Corp. 2005-OPT2 Asset Backed Pass-Through Certificates Series 2005-OPT2 | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent: American Home Mortgage Servicing, Inc 1525 S. Beltline Road, Suite 100 N Coppell, Texas 75019 | **Court Claim Number:** *(If known)* Filed on: |
| Name and address where payment should be sent (if different from above): American Home Mortgage Servicing, Inc 1525 S. Beltline Road, Suite 100 N Coppell, Texas 75019  Telephone Number:  (800) 704-0800 | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.  ☐ Check this box if you are the debtor or trustee in this case. |

| | |
|---|---|
| **1. Amount of Claim as of Date Case Filed:**    $233,105.31  If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.  If all or part of your claim is entitled to priority, complete item 5.  ☒ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges. | **5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**  Specify the priority of the claim.  ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B). |
| **2. Basis for Claim:** Money Loaned    (See instruction #2 on reverse side.) | ☐ Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4). |
| **3. Last four digits of any number by which creditor identifies debtor:** xxxxxx7519  **3a.** Debtor may have scheduled account as: _____    (See instruction #3a on reverse side.) | |
| **4. Secured Claim** (See instruction #4 on reverse side.)  Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.  **Nature of property or right of setoff:**    ☒  Real Estate  ☐  Motor Vehicle  ☐  Other: _____  **Describe:**   3609 Arora St, Riverside, California 92509  **Value of Property:** not available    **Annual Interest Rate:**  Amount of arrearage and other charges as of time case filed included in secured claim,  if any: $15,544.86 **Basis for perfection:** Recordation of Lien  **Amount of Secured Claim:** $233,105.31  **Amount Unsecured** $0.00 | ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).  ☐ Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).  ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).  ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).  **Amount entitled to priority:** $_____ |
| **6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.  **7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See instruction 7 and definition of "redacted" on reverse side.*)  DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.  If the documents are not available, please explain: | *Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.* |

| Date: December 16, 2009 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.  /s/ Lawrence J. Buckley  as Creditor's Authorized Agent    P.O. Box 829009  972.643.6600    Dallas, TX 75382-9009 | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

7417-N-3621

EXHIBIT 5

B10 (Official Form 10) (12/08)

| UNITED STATES BANKRUPTCY COURT | **Middle** | DISTRICT OF | **California** | | **PROOF OF CLAIM** |
|---|---|---|---|---|---|
| Name of Debtor   ALONZO   RUIZ   REYNALDA   RUIZ | | | | Case Number: 09-33534 | |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

| | |
|---|---|
| Name of Creditor (The person or other entity to whom the debtor owes money or property): American General Finance | Check this box if you are aware that this claim amends a previously filed claim. |
| Name and address where notices should be sent: American General Finance PO Box 3251 Evansville IN 47731 | Court Claim Number: |
| Telephone number: 800-599-2349 | Filed on: |
| Name and address where payments should be sent (if different from above): | Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. |
| Telephone number: | Check this box if you are the debtor or trustee in this case |

**FILED**

**NOV 16 2009**

1. Amount of Claim as of Date Case Filed:   $   $35,175.13

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

2. Basis for Claim:   Money Loaned
   (see instruction #2 on reverse side.)

3. Last four digits of any number by which creditor identifies debtor:   8736

   3a. Debtor may have scheduled account at:
      (see instruction #3a on reverse side.)

4. Secured Claim  (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:   ☑ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $   $35,175.13   Annual Interest Rat _____ %

Amount of arrearage and other charges as of time case filed included in secured claim,

If any: $   $3,327.39   Basis for perfection:

Amount of Secured Claim: $   $35,175.13   Amount Unsecured: $   $0.00

6. Credits:  The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

7. Documents: Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreement. You may also attach a summary.  Attach redacted copies of documents providing evidence of perfection of a security interest.  You may also attach a summary.

DO NOT SEND ORIGINAL DOCUMENTS.  ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).  If any portion of your claim falls in one of the following categories, check the box and state the amount.

Specify the priority of the claim

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B)

☐ Wages, Salaries, or commissions (up to $10,950),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4)

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

☐ Up to $2425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use -11 U.S.C. § 507(a)(7)

☐ Taxes or penalties owed to governmental units -11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of -11 U.S.C. § 507(a)(___)

Amount entitled to Priority:

$

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

FOR COURT USE ONLY

| | |
|---|---|
| Date: 11/2/2009 | Signature: The person filing this claim must sign it.  Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the Notice address above.  Attach copy of power of attorney, if any. |
| Raelyn L. Seibert   Bankruptcy Specialist | /s/ Raelyn L. Seibert |

*Penalty for presenting fraudulent claim: Fine up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571*